**FOXWOOD HOMEOWNERS ASSOCIATION, Appellant,**

v.

**Thomas D. RICLES and Shannon S. Shelby, Appellees.**

**No. 01–83–0678–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 14, 1984.

Rehearing Denied July 19, 1984.

W. Austin Barsalou, Houston, for appellant.

George M. Kuhn, Jr., Austin & Kuhn, Houston, for appellees.

Before SMITH, DOYLE and BASS, JJ.

OPINION

JACK SMITH, Justice.

This is a deed restriction case in which the trial court, after a non-jury trial, denied the appellant's petition for a mandatory injunction. The suit is based on alleged violations of the deed restrictions of the Foxwood subdivision in Harris County, Texas.

The appellant, a homeowners association, raises eleven points of error in which it alleges that the deed restrictions are clear and unambiguous and that the appellees proved no defenses to the restrictions; that the trial court erred in five of its findings of fact because there was no evidence or insufficient evidence to support the court's findings; and that the trial court erred in five of its conclusions of law.

In August, 1979, appellees purchased their home in Section 3 of the Foxwood subdivision in Harris County, Texas. In June of 1982, appellees purchased approximately $5,000.00 in building materials to install three windows and a brick fireplace on the side of an attached garage, and to alter the interior of the garage by erecting a wall parallel to and six feet from the garage door. The purchase price also included materials for improvements inside the enclosed garage.

On July 20, 1982, the appellant became aware of the alterations to the appellees' home. The following day the appellant's attorney mailed a demand letter to the appellees demanding that the appellees immediately cease all construction or the appellant would be forced to file suit. Several letters were written between the parties attempting to reach an amicable agreement, but they were to no avail. The appellees completed their alterations in 1982 and on February 12, 1983, the appellant discovered that the wall behind the garage door had been completed. The instant law suit was filed on March 10, 1983.

■ The sections of the deed restrictions which are material to this appeal are as follows:

*Article VI, Section 6.2.* No building shall be commenced, constructed, erected, placed, or maintained in Foxwood, Section 3, nor shall any exterior addition to or alteration therein be made, unless and until the building plans, specifications, and plat plan showing the location of such building have been approved in writing as to conformity and harmony of external design with existing structures in the subdivision and as to location of the building with respect to topography and finished ground elevation by the Architectural Control Committee. In the event the Architectural Control Committee fails to approve or disapprove such design or location within ten (10) working days after such plans and specifications have been submitted to it, or in any event, if no suit to enjoin the erection of such building, or the making of such alterations, has been commenced prior to the completion thereof, such approval will not be required.

*Article VII, Section 7.18(a).* Each Lot shall be used only for a single-family, Detached Residence, and no Lot shall be used for business or professional purposes of any kind. With each Detached Residence, there shall be an attached or detached, private, enclosed garage. Each such garage shall accommodate at least two automobiles. Bona fide domestic servants may live in the improvements on any such property.

We agree with the appellant's assertion that the two sections applicable to this suit are unambiguous. It is clear that the restrictions require each residence to have an enclosed garage which will accommodate at least two automobiles.

This latter requirement distinguishes the instant case from *Woodland Trails North Community Improvement Ass'n. v. Grider*, 656 S.W.2d 919 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). In

*Woodlands,* this court construed similar restrictions not to require that each homeowner in the subdivision *must* construct and maintain a garage on his residential premises. The restrictions in *Woodlands* did not contain the requirement, "With each detached residence there *shall* be an attached or detached, private, enclosed garage." (emphasis added), which requirement is in the restrictions in the present suit.

In the instant case, the restrictions also create an Architectural Control Committee to approve or disapprove plans, specifications, design, and location of any addition or alteration to the exterior of residences located in the subdivision. The appellant made its case when the restrictions were admitted into evidence and the appellees admitted that they had made exterior, as well as interior alterations, to such an extent that their garage would not accommodate two automobiles.

The appellant asserts that the appellees presented no evidence which would suffice as a defense to the deed restrictions. We disagree with this assertion.

We first note in Article VI, Section 6.2 of the restrictions, the following provision: "..., or in any event, if no suit to enjoin the erection of such building, or the making of such alterations, has been commenced prior to completion thereof, such approval shall not be required." The appellees presented evidence that the appellant became aware of the construction of alterations at the appellees' residence in July, 1982. The record reflects that this suit was not filed until March 10, 1983. The terms of the deed restrictions are applicable to the appellant as well as the appellees. This suit was not filed until approximately eight months after the appellant became aware that the appellees were making additions and alterations to their home.

■ Injunctive relief is an equitable remedy and the complaining party must come into court with clean hands and must have acted promptly to enforce its right. *Inwood North Homeowners' Ass'n., Inc. v. Meier,* 625 S.W.2d 742 (Tex.Civ.App.— Houston [1st Dist.] 1981, no writ). We hold that the appellant did not adhere to the express provisions of the deed restrictions by failing to use due diligence in the enforcement of the restrictions insofar as they applied to the additions and alterations made the basis of this cause of action against the appellees.

■ We next observe that at trial, the appellees alleged waiver of the deed restrictions in the Foxwood subdivision because of prior similar violations and because appellant was inconsistent in its application of the enforcement of the deed restrictions. The appellant contends there is no evidence and insufficient evidence to support the trial court's findings of prior similar violations and inconsistent application and enforcement of the deed restrictions.

The appellee, Ricles, testified that he was aware of at least a dozen instances in which homeowners in Foxwood had converted their garages as far back as 1979. He stated that eight of these conversions were in Section 3, and gave six specific addresses. He also testified that other deed restriction violations included overly high TV antennas, "RV" vehicles, metal buildings, fallen trees, and inoperable motor vehicles. He further testified that there was one home in his subdivision that the builders of the subdivision, U.S. Homes, had initially erected with the garage enclosed by a brick wall.

Several other witnesses, including some of the appellant's witnesses, testified to having knowledge of other homes in Foxwood, Section 3, having made garage conversions.

Other witnesses, including some of the appellant's witnesses, testified as to the inconsistent application enforcement of the deed restrictions in Section 3. Although the appellant controverted this evidence, we hold that there was sufficient evidence to support the trial court's findings that the appellant knowingly allowed one substantial and several similar violations of the deed restrictions about which it now

complains. We also hold that there was sufficient evidence to support the trial court's finding that the appellant had been inconsistent in application and enforcements of the deed restrictions of Section 3 of Foxwood subdivision.

 The appellant also complains that the trial court erred in finding that the appellees' alterations to their home did not alter the appearance of their property and that to remove the alterations would cost the appellees $12,000. The record reveals that these assertions are correct because it is undisputed that the addition of three windows and a chimney altered the outside appearance of the appellees' residence. The record also reflects that the total cost to the appellees, if they were to remove their alterations, would be $9,000 and not $12,000. We find these erroneous trial court findings to be harmless for several reasons. First, the appellant admits that the appearance of the appellees' residence is not offensive and is in harmony with the character of the esthetics of the subdivision. Second, it is uncontroverted that the appellant offered not to file this lawsuit if the appellees would remove the wall which they had erected inside their garage. Third, the fact that the total cost to the appellees to remove all the alterations and additions that they had made is $9,000 instead of $12,000 is only one consideration in whether an injunction should have issued.

 In its last five points of error, the appellant complains about the trial court's conclusions of law. We agree with the appellant that the appellees did not produce sufficient evidence to prove that the appellant is estopped from obtaining a mandatory injunction. However, we are of the opinion that the trial court properly concluded that the appellant waived its right to enforce the deed restrictions against the appellees because it failed to use due diligence in its enforcement of the restrictions and because it did not timely commence a lawsuit as required by the restrictions. We are also of the opinion that under the facts of this case the balance of the equities was with the appellees.

Except as noted herein, we overrule the appellant's points of error and affirm the judgment of the trial court. In affirming this judgment, we desire to make it abundantly clear that this holding applies only to the instant fact situation, and we do not hold that the deed restrictions in Foxwood, Section 3, have been abandoned or waived by the Foxwood Homeowners Association as to violations by others.