**LANDRY'S SEAFOOD INN & OYSTER BAR—KEMAH, INC., Appellant,**

v.

**Matthew D. WIGGINS, Appellee.**

**No. 14–95–01316–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 1996.

Rehearing Overruled April 25, 1996.

Michael S. Goldberg, Houston, Macey Rea-
·soner Stokes, Houston, for appellant.

Roland L. Bassett, Galveston, T. Michael Wall, Houston, Mary Jo Cantu, Houston, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant, Landry's Seafood Inn & Oyster Bar—Kemah, Inc. (Landry's), appeals the denial of a temporary injunction in two points of error. We affirm.

Landry's leased property from Matthew Wiggins in 1990 for the period May 1, 1990 through December 31, 2011. The lease provided for rent to be paid based on a percentage of the restaurant's gross sales. The lease also included an area protection provision, which stated:

> Tenant shall not, during the term of this Lease, directly or indirectly, as principal or agent, engage in the business of a seafood restaurant competitive with the restaurant on the Demised Premises within a radius of five miles from the Demised Premises.

"Tenant" was defined as Landry's Seafood Inn & Oyster Bar—Kemah, Inc. If Landry's violated any part of the lease, it was allowed to remedy the violation within thirty days after Wiggins gave it written notice of the violation.

In early 1995, Landry's Crab Shack Inc., a sister corporation of Landry's, began negotiations to open a Joe's Crab Shack approximately 100 yards from the property leased from Wiggins. Both Landry's and Landry's Crab Shack are wholly-owned subsidiary's of LSRI Holdings Inc. In February 1995, Wiggins wrote Landry's, warning that opening a competing restaurant by Landry's or an affiliate within a five mile radius was a violation of the lease. Additional correspondence and discussions ensued over the following eight months. On October 6, 1995, the day before Joe's Crab Shack opened, Landry's filed a declaratory judgment and breach of contract action in district court. Landry's contends that "Tenant," as used in the lease, only relates to Landry's Seafood Inn & Oyster Bar—Kemah, not all related or affiliated companies. Accordingly, Landry's sought declaration that "the opening of Joe's Crab Shack by a sister corporation [was] not an event of default under the lease" and declaration of "what constitute[d] a 'seafood restaurant.'"

On October 10, Wiggins notified Landry's of his belief that the opening of Joe's Crab Shack was a violation of the lease and Landry's had thirty days to remedy the violation. Landry's then amended its action and requested a temporary restraining order and injunction which would toll the thirty day period to cure the "alleged" violation. The trial court initially granted the temporary restraining order, but after a hearing, the trial court dissolved the temporary restraining order and denied the application for an injunction. Landry's brings this appeal.

When reviewing an appeal of a grant or denial of a temporary injunction, we will only reverse a trial court's decision if the record shows a clear abuse of discretion. *Iranian Muslim Org. v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex.1981); *Texas Foundries, Inc. v. International Molders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 462 (1952); *Texas State Optical, Inc. v. Wiggins,* 882 S.W.2d 8, 10 (Tex.App.—Houston [1st Dist.] 1994, no writ). We may not substitute our judgment for that of the trial court. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Total Minatome Corp. v. Santa Fe Minerals, Inc.,* 851 S.W.2d 336, 338 (Tex.App.—Dallas 1993, no writ). Rather, we are limited to determining whether the trial court abused its discretion by: 1) acting arbitrarily and unreasonably, without reference to guiding rules or principals, or 2) misapplying the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Golden Rule Ins. Co. v. Harper,* 905 S.W.2d 804, 806 (Tex.App.—Houston [14th Dist.] 1995, writ requested); *Ramsey v. Lewis,* 874 S.W.2d 320, 322 (Tex.App.—El Paso 1994, no writ); *Long John Silver's Inc. v. Martinez,* 850 S.W.2d 773, 775 (Tex.App.—San Antonio 1993, writ dism'd w.o.j.). An abuse of discretion is not found, however, if the trial court bases its decision

on conflicting evidence. *Davis,* 571 S.W.2d at 862.

■ In its two points of error, Landry's contends that the trial court abused its discretion because it had conclusively demonstrated that it was entitled to temporary injunctive relief [1] and because the trial court misinterpreted the supreme court's holding in *McGlothlin v. Kliebert,* 672 S.W.2d 231 (Tex.1984). Contrary to Landry's argument, Wiggins contends that the trial court did not abuse its discretion because 1) Landry's had an adequate remedy at law; 2) Landry's did not demonstrate a probable right of recovery; 3) Landry's evidence was not credible; 4) Landry's failed to act diligently; and 5) issuing an injunction would alter the status quo by rewriting the lease.

■ In general, an injunction is an extraordinary remedy which is not to be issued as a matter of right. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993) (citing *Brotherhood of Locomotive Eng'rs v. Missouri–Kansas–Texas Ry. Co.,* 363 U.S. 528, 531–32, 80 S.Ct. 1326, 1328–29, 4 L.Ed.2d 1379 (1960)). Rather, "the only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits." *Id.* at 58.

■ When a court grants an injunction, it must specify the reasons for the injunction. TEX.R.CIV.P. 683. However, there is no similar requirement when a trial court denies a temporary injunction, but a trial court may file findings of fact and conclusions of law within thirty days after the judgment is signed. TEX.R.APP.P. 42(a); *see also Texas Dep't of Mental Health & Retardation v. Petty,* 778 S.W.2d 156, 160 (Tex.App.—Austin 1989, writ dism'd w.o.j.) (suggesting that it is better practice to request findings and conclusions in connection with appealable interlocutory orders). There is no indication in the record that Landry's requested findings or that the trial court filed findings or conclusions. The trial court's order simply states that it was of the opinion that the application

for temporary injunction should be denied. Thus, we are to uphold the trial court's judgment on any legal theory supported by the record. *See Davis,* 571 S.W.2d at 862 (stating that because no findings of fact or conclusions of law were filed, the trial court's judgment "must be upheld on any legal theory supported by the record").

■ An injunction is an equitable remedy which the trial court should only issue where the "intervention of a court of equity is essential in order [to effectively] protect property rights against injuries otherwise irremediable." *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 311–12, 102 S.Ct. 1798, 1802–03, 72 L.Ed.2d 91 (1982). The trial court is to balance the competing claims of the parties to determine whether to grant or deny an injunction. *Id.* at 312, 102 S.Ct. at 1803; *see also Brotherhood of Locomotive Eng'rs,* 363 U.S. at 532, 80 S.Ct. at 1329; *Surko Enters, Inc. v. Borg–Warner Acceptance Corp.,* 782 S.W.2d 223, 225 (Tex.App.—Houston [1st Dist.] 1989, no writ). In addition, other equitable principals apply. For example, the complaining party must come to the court with clean hands and must have acted promptly to enforce its rights. *See Foxwood Homeowners Ass'n v. Ricles,* 673 S.W.2d 376, 379 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

■ The record reflects that eight months before Landry's filed its declaratory judgment action and Joe's Crab Shack was opened, Wiggins informed Landry's of his belief that opening Joe's Crab Shack was a violation of the lease. In Wiggins' responsive motion, he noted that Landry's "sat on its hands" and delayed bringing the declaratory judgment action until after "most of Landry's expenses for opening the crab restaurant had been incurred." Wiggins also argues that rather than attempting to maintain the status quo, Landry's is attempting to rewrite the lease to provide that it has until 30 days after a final judicial determination that it has violated the terms of the lease.

---

1. To warrant issuance of a temporary injunction, the applicant must show a probable right of recovery and a probable injury if the injunction is not issued. *Resolution Trust Corp. v. Chair King, Inc.,* 827 S.W.2d 546, 548 (Tex.App.— Houston [14th Dist.] 1992, no writ) (citing *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975); *Gettysburg Homeowners Ass'n, Inc. v. Olson,* 768 S.W.2d 369, 371 (Tex.App.— Houston [14th Dist.] 1989, no writ)).

Wiggins points out that the lease provides that Landry's is not permitted to terminate the lease except pursuant to a court judgment allowing for termination. Therefore, he reasons that Landry's could have bargained for a similar provision restraining him from terminating the lease until there was a judicial determination, but did not.

In *McGlothlin,* the supreme court held that a district court could only enjoin a justice court's exclusive jurisdiction over a forcible entry and detainer case when there was a showing that the justice court did not have jurisdiction over the case or the defendant did not have an adequate remedy at law. *McGlothlin,* 672 S.W.2d at 232. Landry's contends that this case is distinguishable from *McGlothlin* because of the 30 day cure period. Landry's would only be in default after the 30 day period expired. Thus, Landry's asserts that the injunction was required in order to protect its "valuable right" to cure if it is ultimately determined that it is in default. The legislature has granted justice courts exclusive jurisdiction over forcible entry and detainer matters. TEX. GOV'T CODE ANN. § 27.031 (Vernon Supp.1996). Thus, a natural consequence of Landry's argument is that the district court would be depriving the justice court of jurisdiction over a matter which is in its exclusive jurisdiction.

 Justice courts lack jurisdiction to determine title to property, but Landry's does not dispute that Wiggins is the owner of the property. *See Fandey v. Lee,* 880 S.W.2d 164, 169 (Tex.App.—El Paso 1994, writ denied). The purpose of a forcible entry and detainer action is to be a summary, speedy and inexpensive remedy to determine who has the right to immediate possession of the premises. *Id.* at 168; *McGlothlin,* 672 S.W.2d at 232. By granting the justice court jurisdiction to determine who is entitled to immediate possession, the legislature granted the court the power to construe lease provisions. *See* TEX.PROP.CODE ANN. § 24.002 (Vernon Supp.1996) (forcible detainer committed when tenant willfully holds over after the termination of right to possession). Thus, the justice court is entirely capable of determining whether Landry's violated the lease when its affiliated company opened within 100 yards. Because the matter can be heard and determined in justice court, the only interest which could be protected by a temporary injunction is the lease provision allowing Landry's to cure within 30 days after notice of default.

Based on a review of the balancing of equities, we find that the trial court did not clearly abuse its discretion in denying Landry's application for temporary injunction. Landry's waited for eight months, until the day before Joe's Crab Shack opened, to bring the underlying declaratory judgment action. Wiggins informed Landry's that he thought they were in default soon after he heard rumors that they planned to open another restaurant. Landry's could have bargained for a lease provision similar to what they now seek. Landry's will still have a forum, the justice court, where it can be determined if it is in violation of the lease and the only harm inflicted on Landry's is the loss of the time to cure. *See Davis,* 571 S.W.2d at 862–63 (was not an abuse of discretion for trial court to deny application for temporary injunction seeking to stop residential construction); *Foxwood,* 673 S.W.2d at 379 (appellant did not adhere to express provisions of deed restriction by failing to use due diligence in enforcing deed restrictions); *Davis v. Carothers,* 335 S.W.2d 631, 640–41 (Tex.Civ. App.—Waco 1960, writ dism'd by agr.) (opinion on reh'g) (when equities were balanced, injunction requiring removal of gas station was "inequitable, oppressive, harsh and unconscionable" because residents of area did not act while station was being built); *Gillingham v. Timmins,* 104 S.W.2d 115, 119 (Tex.Civ.App.—Galveston 1937, writ dism'd) (property owners lost right to enjoin construction of garage-house because they did not act until the construction was nearly completed).

Accordingly, we hold that the trial court did not err in denying Landry's application for a temporary injunction tolling the cure provision period. We overrule Landry's two points of error and affirm the judgment of the trial court.