NUMBER 13-00-623-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________


MATAGORDA COUNTY 

HOSPITAL DISTRICT, Appellant,


v.



CITY OF PALACIOS, Appellee.

____________________________________________________________


On appeal from the 130th District Court


of Matagorda County, Texas.


____________________________________________________________


O P I N I O N



Before Chief Justice Valdez, Hinojosa and Rodriguez



Opinion by Chief Justice Valdez



 The Board of Managers of the Matagorda County Hospital District
("the District"), by a five-to-one vote, voted to close Wagner General
Hospital ("Wagner") in Palacios County on grounds that it was
operating at a financial deficit. Seven weeks later, the City of Palacios
(the "City") obtained a temporary restraining order preventing the
closure of Wagner, and subsequently obtained a temporary injunction
prohibiting closure of the hospital. The District appeals this temporary
injunction by five separate issues. We modify the temporary injunction,
and affirm it as modified.

Jurisdiction


 An order granting a temporary injunction is subject to interlocutory
appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2001).

Introduction


 The health and safety code provides that the governing body of a
hospital district may, by resolution, order the sale, lease, or closing of
all or part of a hospital owned and operated by the hospital district. See
Tex. Health & Safety Code Ann. § 285.051(a) (Vernon 1992). The
resolution "must include a finding by the governing body that the sale,
lease, or closing is in the best interest of the residents of the hospital
district." Id.

 Standard of Review


 Appellate review of an order granting or denying a temporary
injunction is strictly limited to determining whether there has been a
clear abuse of discretion by the trial court in granting or denying the
order. Sonny Arnold, Inc. v. Sentry Sav. Ass'n, 633 S.W.2d 811, 816
(Tex. 1982); Davis v. Huey, 571 S.W.2d 859, 861 (Tex. 1978). If the
original petition alleges a cause of action and the party seeking the
injunction presents evidence tending to sustain that cause of action,
there is no abuse of discretion by the trial court in issuing the temporary
injunction. Biodynamics, Inc. v. Guest, 817 S.W.2d 128, 130 (Tex.
App.--Houston [14th Dist.] 1991, writ dism'd by agr.). Further, the trial
court does not abuse its discretion when it bases its decision on
conflicting evidence. General Tire, Inc. v. Kepple, 970 S.W.2d 520, 526
(Tex. 1998). The trial court abuses its discretion when it misapplies the
law to the established facts or when the evidence does not reasonably
support the conclusion that the applicant has a probable right of
recovery. State v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528
(Tex. 1975). 

 The reviewing court may not substitute its judgment for that of the
trial court. Davis, 517 S.W.2d at 862. The appellate court must draw
all reasonable inferences from the evidence in a light most favorable to
the trial court's decision. 2300, Inc. v. City of Arlington, 888 S.W.2d
123, 126 (Tex. App.--Fort Worth 1994, no writ); Hartwell's Office
World, Inc. v. Systex Corp., 598 S.W.2d 636, 638 (Tex. Civ. App.--Houston [14th Dist.] 1980, writ ref'd n.r.e.). The merits of the
underlying case are not presented for review. See Davis, 571 S.W.2d
at 861. 

 In a temporary injunction hearing, the sole question before the
court is whether the applicant is entitled to preserve the status quo of
the subject matter of the suit pending trial. See Davis, 571 S.W.2d at
862. Due to the limited purpose of such a hearing, a court exercises
broad discretion when determining whether to issue a temporary
injunction. See LaFaucheur v. Williams, 807 S.W.2d 20, 22 (Tex. App.--Austin 1991, no writ).

 Standing


 In its first point of error, the District argues that the City lacks
standing to seek injunctive relief on grounds that it is not within the
statutorily identified class of persons entitled to contest the decision to
close Wagner. The District makes three arguments regarding standing. 
First, the District argues that the City lacks standing because it is not a
person receiving medical care from the District. Second, the District
argues that the City has established only possible harm to the general
public, and not immediate or direct harm to the City individually. Finally,
the District argues that the health and safety code provides that only
the "qualified voters" of the District are the appropriate parties to bring
suit. 

 In response, the City contends that it has standing to seek
injunctive relief based on the District's failure to comply with the Texas
Health and Safety Code and the Texas Open Meetings Act in
determining to close Wagner. 

 The District's initial suggestion that only a person receiving
medical care from the district could have standing to challenge the
closure lacks merit. A plaintiff has standing to bring suit if it has a
justiciable interest in the suit. See Nootsie, Ltd. v. Williamson Cty.
Appr. Dist., 925 S.W.2d 659, 661 (Tex. 1996). The injury may be
economic, recreational, or environmental. See City of Bells v. Greater
Texoma Util. Auth., 790 S.W.2d 6, 11 (Tex. App.--Dallas 1990, writ
denied). The City has pleaded and proved that it has a justiciable
interest in the District's decision to close Wagner. The City specifically
alleged and presented evidence that the closure of Wagner would leave
the City without adequate health care, and adversely impact the City's
tax base, the City's ability to attract new residents and new businesses,
and the City's ability to provide necessary services for its residents. 

 Second, the District argues that the City has established only
possible harm to the general public, and not immediate or direct harm
to the City individually. To establish standing, one must allege an
actual or imminent threat of injury peculiar to one's circumstances and
not suffered by the public generally. Texas Rivers Protection Ass'n v.
Texas Natural Resource Conservation Comm'n, 910 S.W.2d 147, 151
(Tex. App.--Austin 1995, writ denied). When a plaintiff asserts a public
right and fails to show the matters in dispute affect it differently than
other citizens, the plaintiff does not have standing. Precision Sheet
Metal Mfg. Co. v. Yates, 794 S.W.2d 545, 551 (Tex. App.--Dallas 1990,
writ denied). However, the City specifically pleaded and proved that it
would suffer special injuries distinct from the general public: the
closure of Wagner would adversely affect the City by lowering the City's
tax base, diminishing the City's ability to attract new residents and new
businesses, and decreasing the City's ability to provide necessary
services for its residents. 

 Finally, the District argues that the health and safety code provides
that only the "qualified voters" of the District are the appropriate parties
to bring suit. The District's argument is premised on section 285.052
of the Texas Health and Safety Code, which provides:

 (a) The governing body of the hospital district shall order
and conduct an election on the sale or closing of a
hospital if, before the 31st day after the date the
governing body orders the sale or closing, the
governing body receives a petition requesting the
election signed by at least 10 percent of the qualified
voters of the hospital district. . .


 (b) If a petition is filed under Subsection (a), the hospital
may be sold or closed only if a majority of the qualified
voters voting on the question approve the sale or
closing.


Tex. Health & Safety Code Ann. § 285.052 (Vernon 1992). We first note
that the District appears to be challenging the City's capacity to bring
suit rather than its standing. Capacity is a party's legal authority to go
into court and prosecute or defend a suit. See Nootsie, 925 S.W.2d at
661. The District failed to raise the issue of capacity in a verified
pleading; therefore, this issue is waived and is not properly preserved
for appeal. See Tex. R. Civ. P. 93; Nootsie, 925 S.W.2d at 662.

 Even if this issue had been preserved for appeal, the District's
argument would fail. The District is essentially arguing that section
285.052 of the health and safety code provides the exclusive remedy for
challenging the District's decision to close Wagner. The text of the
health and safety code does not expressly provide that the petition and
election procedure is the exclusive means to challenge the District's
decision to close Wagner. If the statute were meant to provide the
exclusive and mandatory remedy, we would expect that the legislature
would have explicitly included language to that effect. Cf. e.g., Tex. Lab.
Code Ann. § 408.001 (Vernon 1996) (workers compensation statute
provides "exclusive remedy"); Tex. Alco. Bev. Code Ann. § 2.03 (Vernon
1995) (dram shop statute provides "exclusive cause of action"); Tex.
Prop. Code Ann. § 92.252(a) (Vernon Supp. 2001) (smoke detector
statute provides remedies of tenant are "in lieu of common law, other
statutory law, and local ordinances"). However, there is no such
limiting language in the health and safety code provisions pertaining to
hospital closure, and we are dissuaded from reading such an implicit
restriction into the statute because the history and purposes of the
statute would be frustrated by excluding other remedies. Cf. Cash Am.
Int'l, Inc. v. Bennett, 43 Tex. Sup. Ct. J. 1047, 2000 Tex. LEXIS 82, *5-7
(July 6, 2000) (language and purposes of Pawnshop Act indicate no
legislative intent to render it an exclusive remedy). If the legislature
intended that the petition method be an exclusive and mandatory
remedy, the legislature must make that intent clear through express and
certain language.

 Moreover, the petition and election procedure does not provide a
remedy for the District's failure to comply with the Texas Health and
Safety Code's requirements for closing a hospital, or the District's failure
to comply with the Open Meetings Act. The District's decision to close
the hospital was not made in compliance with the health and safety
code because the District failed to make a resolution regarding its
decision to close Wagner. See Tex. Health & Safety Code Ann. §
285.051(a) (Vernon 1992). Although the District had utilized "formal"
resolutions for other decisions in the past, the decision to close Wagner
was made by majority vote at a meeting, and the decision is reflected
only in the meeting's minutes. Further, the District failed to include the
required finding under the health and safety code that closure would be
in the "best interests" of the residents of the entire hospital district. See
id. The petition and election procedure fails to provide a remedy for the
District's violations of the health and safety code. 

 The City further has standing to obtain injunctive relief under the
Texas Open Meetings Act. According to the evidence presented to the
trial court, the District failed to provide adequate notice to the public
regarding its intent to vote on closing Wagner at the July 12, 2000
meeting. See Tex. Gov't Code Ann. § 551.041 et seq. (Vernon 1994 &
Supp. 2001). The Open Meetings Act was enacted in 1967 to ensure
that "the public has the opportunity to be informed concerning the
transactions of public business." Acker v. Texas Water Comm'n, 790
S.W.2d 299, 300 (Tex. 1990) (citing Acts 1967, ch. 271, § 7, 1967 Tex.
Gen. Laws 597, 598). The statute requires that "every regular, special,
or called meeting or session of every governmental body shall be open
to the public." Tex. Gov't Code Ann. § 551.002 (Vernon 1994). Any
action taken in violation of the Open Meetings Act is voidable. Tex.
Gov't Code Ann. § 551.141 (Vernon 1994). 

 To effectuate the policy of keeping government meetings open to
the public, the legislature has allowed an "interested person" to bring
an action by mandamus or injunction to stop, prevent, or reverse a
violation or threatened violation of the Open Meetings Act. See Tex.
Gov't Code Ann. § 551.142 (Vernon 1994). The majority of courts
addressing the "interested person" requirement have adopted an
extremely broad interpretation regarding who constitutes an "interested
person." See Rivera v. City of Laredo, 948 S.W.2d 787, 792 (Tex. App.--San Antonio 1997, writ denied) (adopting broad definition of
"interested person"); Save Our Springs Alliance, Inc. v. Lowry, 934
S.W.2d 161, 163 (Tex. App.--Austin 1996, orig. proceeding) ("The
Texas legislature exercised its discretion to grant broader standing to
citizens under the Open Meetings Act." ); City of Fort Worth v. Groves,
746 S.W.2d 907, 913 (Tex. App.--Fort Worth 1988, no writ) (viewing
"interested person" as affected taxpayer and citizen based on
underlying purpose of act); Cameron County Good Gov't League v.
Ramon, 619 S.W.2d 224, 230-31 (Tex. Civ. App.--Beaumont 1981, writ
ref'd n.r.e.) ("it is difficult to see how the legislature could broaden the
class of 'any interested person'"); but see City of Abilene v. Shackelford,
572 S.W.2d 742, 745-46 (Tex. Civ. App.--Eastland 1978) (interpreting
"interested person" as requiring plaintiff to show particular injury or
damage different than public at large), rev'd on other grounds, 585
S.W.2d 665 (Tex. 1979); see also City of Bells, 744 S.W.2d at 639-40
(applying general rules regarding standing without differentiating
standing under Open Meetings Act).

 In keeping with the majority of courts that have addressed this
issue, we believe the Open Meetings Act should be construed broadly. 
Thus, the City had standing to bring the instant injunction under either
the Texas Health and Safety Code or the Open Meetings Act. 
Accordingly, we overrule the District's first issue.



Adequate Remedy at Law


 In its second issue, the District argues that the trial court abused
its discretion in granting the temporary injunction because the City had
an adequate remedy at law, that is, the petition and election procedure
provided by the health and safety code. See Tex. Health & Safety Code
Ann. § 285.052 (Vernon 1992). To be entitled to a temporary injunction,
the movant must show: (1) a probable right of recovery; (2) imminent,
irreparable harm in the interim; and (3) no adequate remedy at law. 
Munson v. Milton, 948 S.W.2d 813, 815 (Tex.App.--San Antonio 1997,
writ denied); see also Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (Vernon
1997). A remedy is viewed as adequate when it is complete, practical,
and efficient to the prompt administration of justice. See Universal
Health Svs. v. Thompson, 24 S.W.3d 570, 577 (Tex. App.--Austin 2000,
no pet.); Bank of Southwest, N.A., Brownsville, v. Harlingen Nat'l Bank,
662 S.W.2d 113, 116 (Tex. App.--Corpus Christi 1983, no writ). 

 The petition and election procedure contemplated by the health
and safety code would provide an adequate remedy at law under most
circumstances, but this remedy is clearly inadequate in the instant case. 
The petition and election procedure provides no avenue to address the
District's failure to meet the procedural requirements of the health and
safety code or its failure to comply with the Open Meetings Act. The
election procedure is inadequate because it does not allow the City to
challenge whether the District acted without authority in deciding to
close Wagner without a formal resolution or a finding that it was in the
"best interests" of the residents. Further, the election procedure fails to
address the District's failure to post proper notice under the Open
Meetings Act. In short, the remedy provided by statute is not complete,
and the circumstances of this case clearly demonstrate several issues
that cannot be resolved by resort to the remedy provided. Because the
City did not have an adequate remedy at law, we overrule the District's
second issue. 

Clean Hands


 In its third issue, the District argues that the City is not entitled to
injunctive relief because it did not act promptly. Injunctive relief is an
equitable remedy and the complaining party must come into court with
clean hands and must have acted promptly to enforce its right. See
Landry's Seafood Inn & Oyster Bar v. Wiggins, 919 S.W.2d 924, 927
(Tex. App.--Houston [14th Dist.] 1996, no writ); Foxwood Homeowners
Ass'n v. Ricles, 673 S.W.2d 376, 379-80 (Tex. App.--Houston [1st Dist.]
1984, writ ref'd n.r.e.). 

 On July 12, 2000, the District decided to close Wagner, effective 
September 1, 2000. The City obtained a temporary restraining order on
August 29, 2000, more than one month later, and obtained the
temporary injunction on September 25, 2000. The alleged period of
delay, one month and two days, is not per se an excessive delay under
the law. See Landry's Seafood Inn & Oyster Bar, 919 S.W.2d at 927
(trial court did not abuse discretion in denying temporary injunction
where applicant delayed eight months); Foxwood, 673 S.W.2d at 379
(trial court did not abuse discretion where eight month delay
constituted lack of due diligence). 

 Based on equitable considerations, the trial court did not clearly
abuse its discretion in granting the City's application for a temporary
injunction. See Davis, 571 S.W.2d at 861-62. The trial court may have
considered evidence that the District failed to follow statutory
requirements as tending to affect the timing of the City's response. 
Although the evidence was conflicting, the trial court may further have
considered that Wagner was minimally staffed, and the District's
actions in preparing to close Wagner could be reversed with minimal
effort. Moreover, the trial court may have compared the timeliness of
the District's actions to the time constraints provided in the health and
safety code for the petition and election procedure. The petition and
election procedure provides for a thirty-one day period of abeyance in
which a petition may be filed, and an indefinite period during which an
election contest may be held. See Tex. Health & Safety Code Ann. §
285.052 (Vernon 1994). Finding no clear abuse of discretion, we
overrule the District's third issue.

Bond


 In its fourth issue, the District argues that the temporary injunction
is void because the City did not post a bond as required by the trial
court's order and Texas Rule of Civil Procedure 684. Rule 684 requires
a bond before the issuance of a temporary injunction. See Tex. R. Civ.
P. 684. An order lacking a bond is void. See Ex parte Jordan, 787
S.W.2d 367, 368 (Tex. 1990); Ex parte Lesher, 651 S.W.2d 734, 736
(Tex. 1983). The purpose of the bond is to provide protection to the
enjoined party for any possible damages occurring as a result of the
injunction. Bayoud v. Bayoud, 797 S.W.2d 304, 312 (Tex.App.--Dallas
1990, writ denied). 

 In the instant matter, the City deposited $1,000 into the registry
of the court in lieu of a bond. Where the adverse party is properly
protected, a deposit of funds can be used in place of a bond. Id. 
Moreover, the record reflects that discussions pertaining to the bond
took place in an off-the-record conference with the trial court. 
Consequently, the record is silent regarding the party's arguments and
various matters given consideration by the trial court. The record does
not show that the District made or filed any objections to the trial
court's ultimate ruling. Therefore, this issue has not been preserved for
appeal. See Tex. R. App. 33.1. We overrule the District's fourth issue.

Increased Security


 In its fifth issue, the District argues that the trial court abused its
discretion in failing to increase the security required of the City when
the temporary injunction was granted. The District asks this Court to
find the City liable to the District for all financial losses caused by the
prevented closure of Wagner since August 29, 2000, and remand this
cause to the trial court for required findings.

 A trial court has considerable discretion in setting the amount of
a bond for a temporary injunction. Northwest Bank v. Garrison, 874
S.W.2d 278, 281 (Tex. App.--Houston [1st Dist.] 1984, no writ). The
failure to require a bond in a sufficient amount does not render an
injunction void. El Paso Dev. Co. v. Berryman, 729 S.W.2d 883, 888
(Tex. App.--Corpus Christi 1987, no writ). 

 As with its fourth issue, we cannot address the District's fifth
issue because the majority of the discussions pertaining to the bond
occurred off the record. See Tex. R. App. P. 33.1. If we were to reach
this issue, however, we note that the evidence that was included in the
record is conflicting, and therefore the trial court did not abuse its
discretion in setting the amount of the bond. See General Tire, Inc., 970
S.W.2d at 526. 

 A cause of action on the injunction bond is predicated on a breach
of the condition of the bond. DeSantis v. Wackenhut Corp., 793 S.W.2d
670, 685 (Tex. 1990). To prevail on this cause of action, the claimant
must prove that the temporary injunction was issued or perpetuated
when it should not have been, and that it was later dissolved. Id. at
685-86. Specifically, the claimant must prove that the issuance of the
injunction caused him damages. Id. at 686. The damages recoverable
in an action on an injunction bond are limited to the amount of the
bond. Id.

 The District cannot show that the temporary injunction was
issued or perpetrated when it should not have been, and that it was
later dissolved. See id. at 685-86. Accordingly, we overrule the
District's fifth issue. 

Conclusion


 Drawing all reasonable inferences from the evidence in a light
most favorable to the trial court's decision, we affirm the trial court's
order granting the temporary injunction. 2300, Inc., 888 S.W.2d at
126; Hartwell's Office World, Inc., 598 S.W.2d at 638. However, the
language of the order is overbroad, and requires modification. The trial
court's order granting the temporary injunction prohibits "Defendants
from closing Wagner General Hospital," and provides that "no further
action shall be taken limiting the services provided to the residents of
Palacios by Wagner General Hospital." This order could be construed
to prohibit the District from renewing its attempt to close Wagner in
compliance with applicable statutes. We therefore modify the district
court's order as follows:

 IT IS THEREFORE ORDERED that the temporary injunction
requested be and is hereby granted as requested and that
the clerk of this Court issue a writ of injunction, pending final
hearing and any determination of this cause or further orders
of this Court restraining Defendants from closing Wagner
General Hospital. Further, no further action shall be taken
limiting the services provided to the residents of Palacios by
Wagner General Hospital. However, nothing in this order
prohibits Defendants from renewing their attempt to close
Wagner in compliance with the Texas Health & Safety Code
and other applicable statutes.


(modified language in italics). We overrule the District's issues on
appeal, and affirm the injunction as modified herein. 

 

 ____________________

 ROGELIO VALDEZ

 Chief Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 19th day of April, 2001.