NUMBER 13-05-00464-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


HUNTINGTON PARK CONDOMINIUM 

ASSOCIATION, INC., Appellant,


v.
 


KENNETH VAN WAYMAN, Appellee.

 


On appeal from the 270th District Court of Harris County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Wittig (1)

Memorandum Opinion by Justice Don Wittig



 Huntington Park Condominium Association, Inc. ("Huntington") appeals the trial
court's denial of its application for a permanent injunction. We affirm the judgment of the
trial court. 

 Huntington argues it was entitled to injunctive relief against Van Wayman for
violating deed restrictions. Before Van Wayman bought one of the 35 units at Huntington,
he sought approval to enclose a small patio area adjacent to his prospective unit. 
Huntington did not respond and Van Wayman claimed to have received deemed approval
from Huntington's board of directors. Three years later, Van Wayman enclosed the patio
without further approval. 

 In a one-day bench trial, the trial court denied all relief to Huntington and allowed
the new structure. The trial court concluded that, inter alia: (1) Huntington failed to
answer Van Wayman's request for alterations to his condo; (2) Van Wayman would not
have purchased the condo if the alteration were not approved; (3) Van Wayman completed
the enclosure of the small patio on July 4, 2003; (4) in early 2004 Huntington told Van
Wayman the enclosure was acceptable and could be used as a standard for other owners;
and (5) suit was filed January 10, 2005. In his conclusions of law, the trial court found: (1)
the enclosure of the patio did not cause imminent harm or irreparable injury; (2) Huntington
ratified the enclosure; and (3) latches bars Huntington's claims.

 In nine issues, Huntington questions the trial court's action in several areas: the
enforcement of one part of a restrictive covenant but not another; the applicability of
equitable estoppel and justifiable reliance; imminent harm and irreparable injury to other
units; the application of latches; equities favored Huntington not Wayman; and the trial
court's denial of a claim for increased assessments.

 1. Standard of Review

 The grant or refusal of a permanent or temporary injunction is ordinarily within the
sound discretion of the trial court. On appeal, review of the trial court's action is limited to
the question of whether the action constituted a clear abuse of discretion. Priest v. Texas
Animal Health Com., 780 S.W.2d 874, 875 (Tex. App.-Dallas. 1989, no writ). Findings of
fact have the same force and dignity as a jury's answers to jury questions and are
reviewable for legal and factual sufficiency of the evidence under the same standards
applied to jury answers. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); Anderson v. City of Seven Points, 806 S.W.2d
791, 794 (Tex. 1991). 

 A legal sufficiency challenge may only be sustained when: (1) the record discloses
a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence
establishes conclusively the opposite of a vital fact. Uniroyal Goodrich Tire Co. v. Martinez,
977 S.W.2d 328, 334 (1999); Robert W. Calvert, "No Evidence" and "Insufficient Evidence"
Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960). In conducting a factual sufficiency
review, we consider and weigh all of the evidence in the case and set aside the verdict and
remand the cause for a new trial, if we conclude that the verdict is so against the great
weight and preponderance of the evidence as to be manifestly unjust, regardless of
whether the record contains some "evidence of probative force" in support of the verdict. 
Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761-62 (Tex. 2003). The
evidence supporting the verdict is to be weighed along with the other evidence in the case,
including that which is contrary to the verdict. Id. 

 A trial court does not abuse its discretion when its decision is based on conflicting
evidence and some evidence in the record reasonably supports the trial court's decision.
Triantaphyllis v. Gamble, 93 S.W.3d 398, 402 (Tex. App.-Houston [14th Dist.] 2002, pet.
denied); see also Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978). A clear abuse of
discretion arises only when the trial court's decision is not supported by some evidence of
substantial and probative character. Envoy Med. Sys., L.L.C. v. State, 108 S.W.3d 333,
335 (Tex. App.-Austin 2003, no pet.). A party seeking an injunction has the burden of
showing that a clear equity demands the injunction. Christensen v. Integrity Ins. Co., 719
S.W.2d 161, 163 (Tex. 1986); Bridas Corp. v. Unocal Corp., 16 S.W.3d 887, 890 (Tex.
App.-Houston [14th Dist.] 2000, pet. dism'd w.o.j.). A party seeking enforcement of a
deed restriction always has the burden at trial to demonstrate the enforceability of the
restriction. City of Pasadena v. Gennedy, 125 S.W.3d 687, 695 (Tex. App.-Houston [1st
Dist.] 2003, pet. denied).

 2. Plan Approval

 In its first two issues, Huntington complains the trial court took judicial notice of one
portion of the restrictive covenants, covenant 3.9, requiring the Board to respond to an
application for proposed alterations within 30 days, while at the same time, ignoring
another part of the same covenant that required harmony with the design and location of
the surrounding structures. The trial court, in apparent reliance on the "failure to respond"
portion of covenant 3.9, factually found that the proposed patio enclosure was approved
because the Board failed to respond to Van Wayland's request. In its second issue,
Huntington claims the trial court ignored the portion of covenant 3.9 requiring any alteration
or modification to be in harmony with the external design and location of the surrounding
structure and topography.

 We would be inclined to sustain at least the first issue because Van Wayland was
not a co-owner when he submitted his request, and, as a matter of law, was not entitled
to rely on the privileges of ownership when he had only a contract to purchase, not an
ownership interest as required by the covenant. (2) See McGalliard v. Kuhlmann, 722 S.W.2d
694, 696 (Tex. 1986). However, as we discuss infra, an appellate court cannot reverse
a judgment for an error of law unless the error was reasonably calculated to cause and
probably did cause the rendition of an improper judgment. See Tex. R. App. P. 44.1(a)(1). 
The evidence, including photographs, could be viewed as some evidence supporting the
argument that the addition was in harmony with the overall project. This argument was
accepted in the trial court's finding that members of the Board told Van Wayland in 2004
that the enclosure was acceptable. The judgment signed and entered by the trial court,
therefore, does not depend on a finding that the Board approved the plans by not timely
responding to the request. Huntington's first two issues are overruled.

 3. Faxes

 In issue three, Huntington complains the two faxes sent by Van Wayland in order
to obtain Board approval for the proposed enclosure did not constitute complete plans and
specifications as required by the covenant relied upon by Van Wayland. We agree that
the faxes in question do not constitute complete plans and specifications as those terms
are generally understood. However, such error, if any, is harmless because the judgment
signed and entered does not depend on those findings. See Tex. R. App. P. 44.1(a)(1). 
Accordingly, we overrule this third issue.

 4. Equitable Estoppel 

 Huntington next complains that Van Wayland's position was not changed with
regard to his purchase of the condo. Van Wayland entered the contract January 17, 2000. 
He faxed his request for the enclosure on January 21 and 24. Accordingly, Huntington
argues equitable estoppel would not apply. However, Huntington ignores both the
testimony and the trial court's finding that Van Wayland would not have purchased the
condo had Huntington not approved the enclosure plans. Even if we were to assume
error, this finding is not necessary to the judgment signed and entered by the trial court,
and therefore any error would be harmless. Tex. R. App. P. 44.1(a)(1). In addition, even
if Van Wayland's abortive attempt to obtain plan approval did not fall within the letter of
covenant 3.9, his request for approval and the Board's refusal or neglect in responding to
the request could be considered by the trial court in the exercise of its equitable jurisdiction. 
We overrule Huntington's fourth issue.

 5. Justifiable Reliance

 May a purchaser justifiably rely upon the actions or inactions of Huntington when
he had actual notice of a restrictive covenant? In issue five, Huntington argues no. Van
Wayland acknowledged he was provided a copy of the deed restriction on January 17,
2000, before the closing. While Huntington provides some argument that Van Wayland
had a copy of the restrictions, had a realtor, and waited three years to construct the
enclosure, it provides no authority for its argument that it is somehow absolved from its
own actions/inactions. See Tex. R. App. P. 38.1(h). Indeed, Huntington seems to ignore
the trial court's responsibility in determining whether or not to grant a permanent injunction. 
"Because an injunction is an equitable remedy, a trial court weighs the respective
conveniences and hardships of the parties and balances the equities." Computek
Computer & Office Supplies, Inc. v. Walton, 156 S.W.3d 217, 220 (Tex. App.-Dallas 2005,
no pet.); Triantaphyllis, 93 S.W.3d at 401-02. No doubt Huntington proved up the
existence of the deed restrictions and Van Wayland's knowledge of the restrictions. But
it was covenant 3.9 and the Board's silent acquiescence that Van Wayland relied upon in
purchasing the condo. And this reliance was buttressed by the testimony that Huntington's
Board members ratified the enclosure in question. We overrule this fifth issue.

 6. Imminent Harm and Irreparable Injury

 In its sixth issue, Huntington argues that the trial court should have found that
altering one unit causes harm and injury to the other units. It cites Gigowski v. Russell, 718
S.W.2d 16 (Tex. App.-Tyler, 1986, writ denied). Gigowski informs us that the general rule
requires one seeking injunctive relief to establish an actual and substantial injury or an
affirmative prospect thereof. Id. at 15. (3) The exception in a restrictive covenant case allows
an injunction where a distinct or substantial breach is shown, without regard to the amount
of damages caused by the breach. Id. at 16. We do not quarrel with the principles
enunciated in this authority. However, Huntington fails to point to any evidence in the
record that factually supports its argument. Further, Huntington fails to attack any specific
finding by the trial court. We note that the trial court made the legal conclusion that there
was no imminent harm or irreparable injury to the association. However, we are left to
wonder what findings of fact, if any, Huntington attacks. In an appeal from a nonjury trial,
a sufficiency challenge must be directed at specific findings, rather than at the judgment
as a whole. Carter v. Carter, 736 S.W.2d 775, 777 (Tex. App.-Houston [14th Dist.] 1987,
no writ). Carter holds that unless a trial court's findings of fact are challenged by point of
error on appeal, they are binding on the appellate court. Id. (citing Katz v. Rodriguez, 563
S.W.2d 627, 631 (Tex. Civ. App.-Corpus Christi 1977, writ ref'd n.r.e.). Because we find
that appellant made no specific attack on a material finding of fact, the unchallenged
findings that support the judgment will preclude reversal of the case. McGalliard v.
Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). This sixth issue is overruled.

 6. Latches

 Huntington next submits that the trial court abused its discretion in applying laches
to bar its claim. It claims that Van Wayman, who had the burden of proof on this issue,
offered no documentary evidence or approval or acquiescent by the association. The
evidence also showed that the association's attorney sent Van Wayman a letter within 90
days of detection of the violation. 

 Latches does not apply where a party acts in open hostility to the other's rights and
has not been misled by apparent acquiescence. Jim Rutherford Invs., Inc. v. Terramar
Beach Cmty. Ass'n, 25 S.W.3d 845, 853 (Tex. App.-Houston [14th Dist.] 2000, pet.
denied). In Rutherford, work began, without the requisite approval, on January 12, 1998.
See id. Terramar's legal counsel wrote a letter discussing compliance with the setback
restriction on February 5, 1998. Id. When Rutherford refused to halt construction or
comply with the restriction, Terramar filed suit on February 18, 1998. Id. Therefore,
Terramar did not unreasonably delay in asserting its legal right to enforce the restrictions. 
Id. 

 Here, Van Wayman applied for approval in January 2000 and completed the
enclosure in July 2003. Three months later, Huntington's attorney wrote a compliance
letter. Suit was not filed until January 2005. In the meantime, according to Van Wayland's
testimony, the Board had approved the enclosure. More in point is the case of Foxwood
Homeowners Assoc. v. Ricles, 673 S.W.2d 376, 379 (Tex. App.-Houston [1st Dist.] 1984,
writ ref'd n.r.e.). There, suit was not filed for eight months in the face of a covenant
restriction requiring due diligence. See id. "Injunctive relief is an equitable remedy and the
complaining party must come into court with clean hands and must have acted promptly
to enforce its right." Id. (citing Inwood North Homeowners' Ass'n., Inc. v. Meier, 625
S.W.2d 742 (Tex. Civ. App.-Houston [1st Dist.] 1981, no writ)). 

 Finally, the record reflects that the unit above Van Wayland burned in January,
2005. At the time of the trial, Huntington had made no efforts to correct this obviously
offensive, non-compliant structure. Also in January 2005, Huntington put Van Wayland on
its beautification committee. We conclude the trial court did not abuse its discretion in
finding latches because Huntington did not come into court with clean hands, committed
conduct inconsistent with its claims, and did not act promptly to enforce its restrictive
covenants. See Foxwood Homeowners Asso., 673 S.W.2d at 379. This seventh issue is
overruled.

 8. Equities Favored Huntington

 Huntington also argues in its eighth issue that a preponderance of the evidence
proved the equities favored the association. In other words, Van Wayland should not have
been allowed to retain the patio enclosure because by a preponderance of the evidence,
the equities favored Huntington. The only testimony it calls our attention to is Van
Wayland's, who was unsure whether any other condo had a patio enclosure. "I did not
walk around the back, possibly. I have no idea whether there is or not." Once again, we
find that appellant made no specific attack on a material finding of fact. Accordingly, the
unchallenged findings that support the judgment will preclude reversal of the case. 
McGalliard, 722 S.W.2d at 696. (4) Furthermore, a party seeking an injunction has the
burden of showing that a clear equity demands the injunction. Christensen, 719 S.W.2d
at 163. We will reverse a judgment based on factual insufficiency of the evidence only if
the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 Huntington has failed to show such a factual insufficiency or demonstrate how it
carried its burden of proof to the trial court. This eighth issue is overruled.

 9. Denial of Claims for Increased Assessments

 Again, without citation to the record or authorities, Huntington argues it should have
been awarded an increased assessment based upon the square footage of Van Wayland's
condo. See Tex. R. App. P. 38.1(h). First, we note the trial court found that the
condominium patio is a limited common element which is reserved for the exclusive use
of the owner. This finding is unchallenged. Second, we note that Huntington's petition is
unsworn and does not comport with the rules of civil procedure. See Tex. R. Civ. P. 682. 
Thus, no writ of injunction could have issued. Id. Third, Huntington's petition requests a
judgment for the amount of removal costs, interest, lien, and foreclosure. While there is
a prayer for damages that could support the requested damages, the pleading does not
call to the trial court's attention its request for assessment fees. Fourth, Huntington did not
submit any invoice or billing to Van Wayland. And finally, Huntington fails to carry its
burden to show the appellate court that it submitted evidence to the trial court in support
of its claim. Tex. R. App. P. 38.1(h); see also Christensen, 719 S.W.2d at 163; Cain 709
S.W.2d at 176. Accordingly, Huntington's ninth issue is overruled.

 The judgment of the trial court is affirmed. 

 

 DON WITTIG

 Justice



Memorandum Opinion delivered and filed 

this the 28th day of February, 2008. 
1. Retired Justice Don Wittig is assigned to this Court by the Chief Justice of the Supreme Court of
Texas pursuant to the government code. See Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. Van Wayland, according to the trial court's own findings, did not become an owner until some six
weeks after his request to the Board.
3. We note the aberrational numbering of pages in this opinion.
4. Also, with no citation to the record or authorities, Huntington asserts the trial court failed to consider
other remedies at law. We conclude that this sub-issue is waived. See Tex. R. App. P. 38.1(h).