# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2011

Lyle W. Cayce
Clerk

No. 10-20307

ORETHA LEWIS,
as Personal Representative of the Estate of Chavon Lewis, Deceased,
and for All Others Similarly Situated,

Plaintiff-Appellant,

versus

AIG LIFE INSURANCE COMPANY;
SPECIALTY SERVICE SOLUTIONS, LLC; STEVEN FERGUSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-215

Before SMITH, WIENER, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

In this diversity case, Oretha Lewis appeals the dismissal of her complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20307

asserting various theories of recovery under Texas law following her daughter's death while working for a shipping company. Lewis alleges that the insurer and the insurance agent unlawfully delivered insurance proceeds to her daughter's employer, who listed itself as the beneficiary in violation of Texas insurable-interest law. Because the only available remedy is a constructive trust against the wrongful beneficiary, Lewis has failed to state a cause of action for which she is entitled to relief, so we affirm the dismissal.

I.

Shippers Stevedoring Company ("Shippers") purchased accident insurance policies for its employees from AIG Life Insurance Co. ("AIG") through Specialty Service Solutions ("Specialty"), an insurance broker headed by Steven Ferguson. The policies named Shippers as the beneficiary. Chavon Lewis, one of the employees covered by the policies, was killed when a forklift backed over her. Shippers filed a claim, and AIG paid it $250,000 in proceeds.

II.

Chavon Lewis's mother, Oretha Lewis, sued AIG, Specialty, and Ferguson, alleging that they violated Texas Insurance Code § 1251.005, which provides that insurance proceeds are payable only to the insured or his assigns. Lewis's complaint included claims for conversion, unjust enrichment, negligence, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and fraudulent concealment. Lewis also alleged that the defendants conspired with Shippers to commit those torts. The district court dismissed the claims without prejudice under Federal Rule of Civil Procedure 12(b)(6), holding that Lewis's sole remedy under Texas law is the imposition of a constructive trust against Shippers and that Lewis did not plead her conspiracy claim with

No. 10-20307

sufficient specificity.[1]

III.

A.

We review the dismissal of a complaint under Rule 12(b)(6) *de novo.*[2] "Where an insurer pays the proceeds of a policy to a beneficiary having no insurable interest, Texas courts have consistently held that a constructive trust is the appropriate remedy." *DeLeon v. Lloyd's London, Certain Underwriters,* 259 F.3d 344, 350 (5th Cir. 2001). Other causes of action against the insurer are not allowed, because "the plaintiff[] had no contractual relationship with the insurer." *Id.* at 351. Lewis contends that *DeLeon* does not foreclose other remedies, because the court stated that a constructive trust is "*an avenue* of recovery" rather than "the avenue."[3] We decline to infer from those two words that other remedies exist, because the remainder of the *DeLeon* opinion refutes Lewis's argument. "Since constructive trust is already available to plaintiffs in such cases, nothing suggests that the legislature thought plaintiffs needed additional protection."[4] Moreover, *DeLeon* rested on *Tamez v. Certain Underwriters at Lloyd's, London*, 999 S.W.2d 12, 21 (Tex. App.––Houston [14th Dist.] 1998, pet. denied), a case with similar facts that confirmed that a constructive trust against the beneficiary is the only remedy, so the insured's common-law claims against the

---

[1] Because we decide this appeal on the ground of a pure issue of Texas law, we do not address the claim of lack of specificity.

[2] *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 469 (5th Cir. 2006).

[3] *DeLeon*, 259 F.3d at 351 ("Once the named beneficiary is paid, Texas applies the equitable remedy of constructive trust to provide an avenue of recovery for a lawful beneficiary." (citation omitted)).

[4] *Id.* at 352.

No. 10-20307

insurer should be dismissed.[5]

Lewis protests that the equitable remedy of a constructive trust is not available to her, because Speciality and Ferguson have "unclean hands." That assertion is incorrect. Equitable remedies require that "the *complaining* party must come to the court with clean hands and must have acted promptly to enforce its rights."[6] Lewis, not Specialty or Ferguson, is the complaining party, so even if Speciality and Ferguson have unclean hands, Lewis can recover through the equitable remedy of a trust.

We also reject Lewis's contention that we should reform the contract to make her a beneficiary capable of suing AIG directly. Lewis claims she is a statutory beneficiary under § 1251.005 of the Texas Insurance Code, which requires that the proceeds of a group or blanket accident and health insurance policy must be paid to "(1) the insured; (2) the insured's designated beneficiary; (3) the insured's estate; or (4) if the insured is a minor or otherwise not competent to give a valid release, the insured's parent, guardian, or other person actually supporting the insured." Lewis contends that that statute makes her a policy beneficiary as a matter of law. We rejected that argument in *DeLeon*, 259 F.3d at 353, stating that "we remain convinced that Texas courts, wearing their common-law hats, would not conclude that reformation and a corresponding breach of contract action are necessary."

---

[5] *See also Wilke v. Finn*, 39 S.W.2d 836, 838 (Tex. Comm'n App. 1931) ("When an insurance company has issued a policy upon the life of a person, payable to one who has no insurable interest in the life insured, or when a policy has been assigned to one having no such interest, the insurance company must nevertheless pay the full amount of the policy, if otherwise liable, because it has so contracted; and it is no concern of the insurer as to who gets the proceeds, except to see that it is paid to the proper parties, under its agreement. It is simply required to perform its contract, and the law will dispose of the money according to the rights of the parties." (internal quotation marks and citation omitted)).

[6] *Landry's Seafood Inn & Oyster Bar-Kemah, Inc. v. Wiggins*, 919 S.W.2d 924, 927 (Tex. App.—Houston [14th Dist.] 1996, no writ) (emphasis added).

No. 10-20307

## B.

Lewis's contention that she appropriately pleaded a claim for civil conspiracy is similarly unavailing. Under Texas law, civil conspiracy is a "derivative tort."[7] Therefore, "to prevail on a civil conspiracy claim, the plaintiff must show that the defendant was liable for some underlying tort."[8] Because the defendants are not liable to Lewis for any underlying tort, she cannot prevail on her civil conspiracy claim.

The judgment dismissing the complaint without prejudice is AFFIRMED.

---

[7] *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 864 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (on rehearing) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).

[8] *Id.* (citing *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 635 (Tex. 1997)).