**Jerry Marcus JERNIGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–83–00527–CR.

Court of Appeals of Texas,
Dallas

May 4, 1984.

Rehearing Denied May 15, 1984.

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

STEPHENS, Justice.

Jerry Marcus Jernigan, appellant, was tried and convicted by a jury of possession of a firearm by a felon, TEX.PENAL CODE ANN. § 46.05 (Vernon 1974), enhanced by two prior convictions. The enhanced paragraphs of the indictment were found to be true by the trial court, and appellant was sentenced to life imprisonment. On appeal, he challenges the suffi-ciency of the evidence of his conviction of a prior crime of violence; the trial court's charge to the jury; certain jury argument by the prosecutor; and the refusal to permit certain jury argument by the defense. We disagree with appellant's contentions, and accordingly, we affirm the judgment of the trial court.

At trial, the State proved possession of a firearm and then introduced into evidence a penitentiary packet showing that appellant had been previously convicted in Tarrant County of the crime of aggravated robbery committed July 2, 1975. The appellant then introduced into evidence the indictment in the Tarrant County case which read in part:

> while in the course of committing theft ... did then and there by using and exhibiting a deadly weapon, to wit: a handgun, intentionally and knowingly threaten and place Onia C. Knight in fear of imminent bodily injury and death.

Appellant does not challenge the sufficiency of the proof that he was in possession of a firearm; he only challenges the sufficiency of the proof that the prior crime for which he had been convicted was a crime of violence.

TEX.PENAL CODE ANN. § 46.05 prohibits a person who has previously been convicted of an act of violence or threatened violence from possessing a firearm. Appellant's argument under this ground of error is that a fatal variance exists between the indictment in the case-in-chief and the proof, in that appellant is charged with having previously been convicted of a crime involving an act of violence, when the indictment offered as proof of the prior crime charges only a threat of violence; therefore, appellant argues, there is insufficient proof that appellant previously committed an act of violence. We disagree. We conclude that when a person has previously been convicted of aggravated robbery, he has been convicted of a crime of violence. We reach this conclusion through an analysis of the history of aggravated robbery in Texas and the meaning

our courts have attributed to the word "violence" in robbery cases.

TEX.PENAL CODE ANN. § 29.02 (Vernon 1974) defines robbery. The practice commentary under § 29.02 points out that under prior law robbery consisted of an assault, violence, or causing fear of life or bodily injury for the purpose of completing a theft from the possession of another. TEX.PENAL CODE ANN. art. 1408 (1925) (*repealed* 1973, effective January 1, 1974). Under the prior law, the Court of Criminal Appeals in *Mauldin v. State*, 463 S.W.2d 10 (Tex.Crim.App.1971) reasoned that there were many kinds of violence. In that opinion, the court noted opinions that had touched on the definition of violence under the robbery statute and noted the principles of law they had established. Examples of these principles are: that the statute does not mention physical injury to the person as the kind of violence intended, *Mimms v. State*, 121 Tex.Crim.R. 555, 51 S.W.2d 601 (1932) (*on rehearing*); that violence can be actual or threatened, *Van Arsdale v. State*, 149 Tex.Crim.R. 639, 198 S.W.2d 270 (1946); that firearms exhibited in a threatening manner is violence, *Cain v. State*, 136 Tex.Crim.R. 275, 124 S.W.2d 991 (1939); and that proof of an assault and proof of putting in fear, is in effect proof of violence. *Mimms.*

Section 29.02 of the new Texas Penal Code, expands on the old law. The practice commentary states that as in the old law, the violence used or threatened under the present law must be for the purpose of "compelling acquiescence" to the theft or of preventing or overcoming resistance to the theft. The new law is broader than the old law because it applies to violence used, not only in the course of committing the actual theft, but also to violence used in conduct antecedent to a completed theft, violence accompanying an unsuccessful attempted theft, and violence accompanying an escape immediately subsequent to a completed or attempted theft.

Robbery becomes aggravated, under the provisions of TEX.PENAL CODE ANN. § 29.03 (Vernon 1974), when robbery is committed and in addition the actor causes serious bodily injury to another; or uses or exhibits a deadly weapon.

Violence is an inherent element of aggravated robbery, and accordingly, we hold that aggravated robbery is a crime of violence.

In the court's charge, the jury was instructed that aggravated robbery is a felony involving an act of violence to a person. Appellant argues that this instruction violates TEX.PENAL CODE ANN. § 2.05 (Vernon Supp.1984), because it is couched in terms of a conclusive rather than a permissive presumption, and its effect is to remove an element of the State's proof from the jury's consideration. We disagree. Aggravated robbery is a crime of violence as a matter of law. Therefore, it was not an element of the State's proof, and there was no presumption, permissive or otherwise, for the jury to consider on this question. The court's charge was a correct statement of the law.

Appellant's third and fourth grounds of error contend that the court's instruction was a comment on the weight of the evidence, arguing that the question of violence or threat of violence was a fact issue. In light of our ruling that aggravated robbery is a crime of violence, these grounds are without merit.

Finally, appellant complains that the prosecutor, in his final argument to the jury, was permitted to tell the jury that an aggravated robbery is assumed to be an act of violence, and the jury was so instructed. The record shows that the prosecutor stated:

Further, the Judge in the last paragraph of the first page says, "You are instructed that aggravated robbery is a felony involving an act of violence to a person...."

The objection that the statement was a comment on the weight of the evidence, and an unlawful presumption, was overruled. In light of our holding, this was a correct statement of the law, and furthermore was a direct quote from the court's charge.

The judgment of the trial court is affirmed.