**Simpson LANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00314–CR.**

Court of Appeals of Texas, Dallas.

Feb. 20, 1991.

Jan E. Hemphill, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before ROWE, LAGARDE and OVARD, JJ.

## OPINION

LAGARDE, Justice.

Simpson Lane was convicted of the offense of unlawful possession of a firearm by a felon. Punishment, enhanced by two prior convictions, was assessed at thirty years' confinement. Appellant raises two points of error on appeal, claiming that the evidence was insufficient to show that he had previously been convicted of a felony involving an act of violence, and second, that there was a fatal variance between the proof and the allegations in the indictment. We overrule appellant's points of error and affirm the judgment of the trial court.

The record in this cause reflects that on June 29, 1989, Vincent Combs was a security guard at the Southdale apartment complex. On that date, appellant was visiting at the complex and was using foul language. Combs approached appellant, and appellant left the complex. After appellant left, he turned, pulled a pistol, and pointed it at Combs. Combs testified that he was in fear that appellant could have killed him.

Max Chester, a Dallas County sheriff's deputy, testified that he had compared appellant's fingerprints to those contained in State's exhibit 2–A, a book-in sheet for an alleged offense of aggravated assault in cause number F82–78080. He also testified that appellant was the same person named in State's exhibit 3, a packet containing an indictment in cause number F82–78080–PQ alleging that on or about June 7, 1982, appellant threatened the complainant with imminent bodily injury by use of a deadly weapon, to-wit: a handgun, and a judgment in the same cause reciting that appellant was guilty of the offense of aggravated assault as alleged in the indict-ment. No other evidence was introduced on the 1982 offense.

Both appellant's first and second points of error essentially challenge the sufficiency of evidence. In his first point of error, appellant claims that the evidence was insufficient to establish that he had been convicted of a felony involving an act of violence or threatened violence. In his second point of error, he claims that there is a fatal variance between the allegations in the indictment and the proof at trial because the evidence showed at best that he had been convicted of an offense involving a threat of violence, not an act of violence.

A person commits the offense of unlawful possession of a firearm by a felon if the person: (1) has been convicted of a felony involving an act of violence or threatened violence to a person or property; and (2) possesses a firearm away from the premises where he lives. TEX.PENAL CODE ANN. § 46.05(a) (Vernon 1989). If the underlying offense involves violence or threatened violence as a matter of law, it is not necessary for the State to present evidence regarding the circumstances of the offense. *Scott v. State*, 571 S.W.2d 893, 895 (Tex.Crim.App. [Panel Op.] 1978). In the present cause, the only evidence introduced at trial concerning appellant's prior conviction for aggravated assault was an indictment and judgment. Appellant argues that aggravated assault is not a crime involving an act of violence or threat of violence as a matter of law. As of the date of the offense, June 7, 1982, and the date appellant was convicted, March 25, 1983, section 22.02 of the penal code provided that a person committed the offense of aggravated assault if the person committed the offense of assault and:

(1) caused serious bodily injury to another;

(2) caused bodily injury to a peace officer who the person knows or has been informed is a peace officer, either (A) while the officer is lawfully discharging an official duty, or (B) in retaliation for or on account of the officer's exercise of offi-

cial power or performance of official duty;

(3) caused bodily injury to a participant in a court proceeding who the person knows or has been informed is a participant in a court proceeding (A) while the injured person is lawfully discharging an official duty, or (B) in retaliation for or on account of the injured person's having exercised an official power or performed an official duty as a participant in a court proceeding; or

(4) used a deadly weapon.

Act of June 13, 1979, 66th Leg., R.S., ch. 655, 1979 Tex.Gen.Laws 1521, *amended by* Act of May 10, 1983, 68th Leg., R.S., ch. 79, 1983 Tex.Gen.Laws 349 (current version at Tex.Penal Code Ann. § 22.02 (Vernon Supp.1991)). A person committed the offense of assault if the person:

(1) intentionally, knowingly, or recklessly caused bodily injury to another, including his spouse;

(2) intentionally or knowingly threatened another with imminent bodily injury, including his spouse; or

(3) intentionally or knowingly caused physical contact with another when he knew or should reasonably believe that the other would regard the contact as offensive or provocative.

Act of May 15, 1979, 66th Leg., R.S., ch. 164, 1979 Tex.Gen.Laws 367, *amended by* Act of June 19, 1983, 68th Leg., R.S., ch. 977, 1983 Tex.Gen.Laws 5311 (current version at Tex.Penal Code Ann. § 22.01 (Vernon Supp.1991)). Violence has been described as proof of an assault and putting in fear. *Jernigan v. State*, 672 S.W.2d 280, 281 (Tex.App.—Dallas 1984, no pet.), (citing *Mimms v. State*, 121 Tex.Crim. 555, 51 S.W.2d 601, 602–03 (1932)). At the time appellant was convicted of aggravated assault, the State was required to prove both that appellant had threatened the complainant with imminent bodily injury, and that he had used a deadly weapon. The term "violence" includes *all* application of force, whether or not bodily injury results. *Wisdom v. State*, 708 S.W.2d 840, 843 n. 3 (Tex.Crim.App.1986); *Robinson v. State*, 67 Tex.Crim. 79, 149 S.W. 186, 187–88

(1912). It appears that the term "bodily injury" is, for purposes of section 22.02 of the penal code, a subset of the broader term "violence." We conclude that bodily injury, or a threat of imminent bodily injury, in the context of an aggravated assault charge, is synonymous with violence or placing in fear of violence. *Cf. Jernigan*, 672 S.W.2d at 281 (aggravated robbery, in which State proves that appellant threatened and placed in fear of bodily injury, an offense involving an act of violence). The indictment for aggravated assault alleges that appellant threatened the complainant with imminent bodily injury, and used a deadly weapon; the judgment recites that appellant was found guilty as charged in the indictment. We conclude that the evidence was sufficient to establish that aggravated assault, as alleged in the indictment, is an offense involving an act of violence or threat of violence. Appellant's first point of error is overruled.

◼ Similarly, we find no variance between the allegations of appellant's 1983 conviction for aggravated assault in the present indictment, alleging unlawful possession of a firearm, and the proof at trial. The unlawful possession indictment alleged that appellant had previously been convicted of a felony involving an act of violence. The aggravated assault indictment alleged that appellant used a deadly weapon, to-wit: a handgun to threaten the complainant with bodily injury by "use of the said deadly weapon." "Deadly weapon" is defined as: (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex.Penal Code Ann. § 1.07(11) (Vernon 1974). Further, commentary to section 22.-02 indicates that the use of a deadly weapon is considered in the same light as actually causing bodily injury. *See* Searcy & Patterson, Practice Commentary, Tex.Penal Code Ann. § 22.02 (Vernon 1989). Thus, we conclude that, in an aggravated assault case alleging use of a deadly weapon, the use of a deadly weapon itself constitutes an act of violence, regardless of

whether the weapon was used to threaten or cause bodily injury. *See Ortega v. State,* 792 S.W.2d 145, 149 (Tex.App.—Amarillo 1990, pet. ref'd); *cf. Jernigan,* 672 S.W.2d at 281 (violence is an inherent element of aggravated robbery). Appellant's second point or error is overruled and the judgment of the trial court is affirmed.