PD-0599-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/11/2015 3:38:25 PM
Accepted 6/11/2015 4:59:18 PM
ABEL ACOSTA
CLERK

PD-0599-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

# THE STATE OF TEXAS
*APPELLANT*

vs.

# MARK TWAIN SIMPSON
*APPELLEE-PETITIONER*

---

FROM THE FIFTH COURT OF APPEALS
CAUSE NO. 05-14-00618-CR

APPEAL FROM CRIMINAL DISTRICT COURT NO. 4
OF DALLAS COUNTY, CAUSE NO. F13-56596-K

---

# APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

---

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Appellee/Petitioner*

FILED IN
COURT OF CRIMINAL APPEALS

June 11, 2015

ABEL ACOSTA, CLERK

## Ground for Review

Whether Simpson produced evidence or pointed to evidence in the trial record that substantiated his legal claim in his motion for new trial

# Table of Contents

Ground for Review ...................................................................................... 2

Index of Authorities .................................................................................. 4

Identity of Parties and Counsel ................................................................ 5

Statement Regarding Oral Argument ....................................................... 6

Statement of the Case and Procedural History ....................................... 7

Argument .................................................................................................... 9

    Simpson produced evidence or pointed to evidence in the trial record
    that substantiated his legal claim in his motion for new trial ............. 9

       I.   Proceedings before the district court ............................................ 9

       II.  Arguments before the court of appeals ...................................... 11

       III. The court of appeals's holding ................................................. 13

       IV. The court of appeals was wrong ............................................... 14

Prayer ....................................................................................................... 15

Certificate of Service ............................................................................... 17

Certificate of Compliance ........................................................................ 17

Appendix ................................................................................................... 18

# Index of Authorities

**Cases**

*Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ................................................................... 15

*State v. Herndon*, 214 S.W.3d 901 (Tex. Crim. App. 2007) ........ 10, 12, 13

*State v. Simpson*, No. 05-14-00618-CR, 2015 WL 1811862 (Tex. App.— Dallas Apr. 20, 2015) ................................................................ 8, 13

*State v. Spigel,* No. 05-13-00314-CR, 2014 WL 1022530, at *1 (Tex. App.—Dallas 2014, no pet.) ................................................... 15

*State v. Stewart*, 282 S.W.3d 729, 735-36 (Tex. App.—Austin 2009, no pet.) ........................................................................................ 13

**Statutes**

TEX. PEN. CODE § 12.32(a) ........................................................ 14

TEX. PEN. CODE § 12.42(b) ........................................................ 14

TEX. PEN. CODE § 29.02 ............................................................ 7

TEX. PEN. CODE § 29.03 ............................................................ 7

## Identity of Parties and Counsel

For Appellant the State of Texas:

> GEORGE LEWIS
> *Guilty plea and motion for new trial counsel of record*
> DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
> 133 North Riverfront Boulevard
> Dallas, Texas 75207
>
> MICHAEL R. CASILLAS
> *Appellate counsel of record*
> DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE

For Appellee/Petitioner Mark Twain Simpson:

> BRUCE ANTON
> *Guilty plea and motion for new trial counsel of record*
> SORRELS, UDASHEN & ANTON
> 2311 Cedar Springs, Suite 250
> Dallas, Texas 75201
>
> BRUCE ANTON
> BRETT ORDIWAY
> *Appellate counsel of record*
> SORRELS, UDASHEN & ANTON

Trial court:

> THE HONORABLE DOMINIQUE COLLINS
> CRIMINAL DISTRICT COURT NUMBER 4

## Statement Regarding Oral Argument

Oral argument is waived.

## Statement of the Case and Procedural History

Simpson was indicted on June 26, 2013, for robbery, enhanced to a first-degree felony by a previous conviction for aggravated robbery. *See* TEX. PEN. CODE §§ 29.02 & 29.03; (CR: 18). He entered an open plea of guilty to the district court on March 13, 2014, which then on April 3, 2014, sentenced him to 25 years' imprisonment. (RR2: 5; RR3: 20); (CR: 56-60).

Simpson filed a motion for new trial alleging that his sentence "constitute[d] a violation of the [Eighth Amendment] prohibition against cruel and unusual punishment." (CR: 64). After conducting a hearing on the matter, the court granted Simpson a new punishment trial. (RR4: 26). The State then timely filed notice of appeal. (CR: 72-73).

Before the Fifth Court of Appeals, the State complained that the district court abused its discretion in granting Simpson's motion for new trial. (St. Br. at 15). Simpson responded that the State's analysis employed the wrong standard of review, and that, under the correct standard, the district court properly exercised its discretion. The court of appeals agreed the State used the wrong standard, but nonetheless con-

cluded the trial court abused its discretion in granting Simpson's motion for new trial. *State v. Simpson*, No. 05-14-00618-CR, 2015 WL 1811862 (Tex. App.—Dallas Apr. 20, 2015). Accordingly, the court vacated the order and reinstated the trial court's judgment. *Id.* No motion for rehearing was filed.

## Argument

Simpson produced evidence or pointed to evidence in the trial record that substantiated his legal claim in his motion for new trial

◆　◆　◆

## I.　Proceedings before the district court

Simpson was sentenced to 25 years' imprisonment for pawning a PlayStation video game system that two other men stole in the course of a robbery. (RR3: 10-14, 18-19). At his sentencing hearing, the State had introduced evidence that, 30 years prior, when Simpson was a teenager, he had been involved in a one-month rash of 16 robberies. (RR3: 7-8). And after being released from prison in 1999, he had committed various minor offenses: failing to report his work address to his probation officer; cashing a check forged by a coworker; and stealing $20 worth of screws from a hardware store. (RR3: 32-33).

In light of the minor magnitude of both the crime at issue here and Simpson's recent criminal history, as well as the remoteness of his otherwise 30-year-old criminal history, Simpson filed a motion for new trial alleging that his sentence "constitute[d] a violation of the [Eighth Amendment] prohibition against cruel and unusual punishment." (CR:

64). Specifically, Simpson argued his sentence was "so far outside the societal norms which govern the assessment of punishment" because it "violate[d] the proportionality tenant of the Eighth Amendment" and because it was "disproportionate when viewed in light of the types of sentences on [sic] the co-defendant," and for the typical robbery defendant. (CR: 64-66).

The district court conducted a hearing on the motion on May 1, 2014, at which it inquired as to Simpson's co-defendant's sentence and then heard testimony from Simpson's mother and sister covering his criminal history. (RR4: 4, 7-22). Simpson argued that a more appropriate sentence would be treatment for his drug addiction and strict supervision in the home. (RR4: 23-24). The State, pointing to this Court's opinion in *State v. Herndon*, 214 S.W.3d 901 (Tex. Crim. App. 2007), argued that the court did not have the authority to grant Simpson's motion unless the original proceeding was not in accordance with the law, and that here, the only asserted basis—that Simpson's punishment was cruel and unusual—was unsupported. (RR4: 5-7). The court ultimately granted Simpson a new punishment trial, remarking that it felt a "long

probation" to be the more proportionate sentence, and the State then timely filed notice of appeal. (RR4: 26); (CR: 72-73).

## II. Arguments before the court of appeals

The State on appeal purported to raise two issues, but it was really just one: that the district court abused its discretion in granting Simpson's motion for new trial. (St. Br. at 15). Specifically, the State argued that no reasonable view of the record could support the district court's ruling that Simpson's sentence was unconstitutionally disproportionate, and that the proceedings were otherwise conducted in accordance with the law. (St. Br. at 15-16).

Simpson agreed that, aside from his disproportionate sentence, the brief proceedings (the hearings on his guilty plea and sentencing) were otherwise conducted in accordance with the law. He never argued otherwise. But as to the constitutionality of his sentence, Simpson urged the court of appeals to reject the State's request to disregard the district court's discretion. For, under the correct standard of review—as opposed to the novel one suggested by the State—it is clear the district court properly exercised its discretion.

To that end, before the court of appeals the State lobbied the court to disregard the district court's discretion in granting Simpson's motion for new trial because Simpson did not meet his "duty of showing by a preponderance of the competent evidence that his 25-year sentence had constituted a grossly disproportionate punishment." (St. Br. at 16). Simpson urged the court that that was not required—a district court does not abuse its discretion in granting a motion for new trial if the defendant simply: (1) articulates a valid legal claim in his motion for new trial; (2) produces evidence or points to evidence in the trial record that substantiated his legal claim; and (3) shows prejudice to his substantial rights under the harmless error standards of the Texas Rules of Appellate Procedure. (Ap. Br. at 13-14) (citing *Herndon*, 215 S.W.3d at 909). And in Simpson's case, as the State did not refute, he articulated a valid legal claim: his sentence was cruelly and unusually disproportionate. (Ap. Br. at 17). Further, Simpson produced and pointed to evidence that substantiated his claim, and in light of the district court's statement upon hearing that evidence that it felt probation was the appropriate sentence, Simpson's 25-year sentence undeniably affected his substantial rights. (Ap. Br. at 17-18).

12

## III.    The court of appeals's holding

The court of appeals agreed with Simpson that the standard for determining whether the trial court abused its discretion was whether Simpson: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the harmless error standards of the Texas Rules of Appellate Procedure. *State v. Simpson*, No. 05-14-00618-CR, 2015 WL 1811862, *2 (Tex. App.—Dallas 2015) (citing *Herndon*, 215 S.W.3d at 909). It further agreed Simpson articulated a valid legal claim in arguing that his sentence was cruelly and unusually disproportionate. *Id.* (citing *State v. Stewart*, 282 S.W.3d 729, 735-36 (Tex. App.—Austin 2009, no pet.) ("Stewart's amended motion for new trial as to punishment alleged that the sentence imposed in this cause was disproportionate in comparison to other similarly situated defendants. The State does not deny that this was a valid legal claim on which to base a motion for new trial in the interest of justice")). But the court of appeals rejected Simpson's assertion that he produced and pointed to evidence

13

that substantiated his claim. *Id.* at \*3. The court did so because it concluded Simpson's sentence was not seriously flawed:

> In light of Simpson's role in the robbery and his significant prior adjudicated and unadjudicated offenses, his twenty-five year sentence is not grossly disproportionate to the crime. Although Simpson did not need to show reversible error as a matter of law, nothing reflects the first punishment trial was "seriously flawed." In fact, under the habitual offender punishment statute, Simpson's sentence fell well within the statutory range of five to ninety-nine years or life.

*Id.* (citing TEX. PEN. CODE §§ 12.32(a), 12.42(b)). Accordingly, the court held the trial court abused its discretion in granting Simpson's motion for new trial without addressing whether Simpson showed prejudice to his substantial rights. *Id.*

## IV.   The court of appeals was wrong

Simpson urges this Court that the court of appeals was wrong. Simpson's 30-year-old crimes, committed as a teenager, and for which he already served a lengthy sentence, were far too remote to support such a harsh sentence here. His drug addiction—evidence of which was introduced at the hearing on Simpson's motion for new trial— warranted treatment, not incarceration. And Simpson produced and pointed to evidence that substantiated his claim: his minimal role in the instant offense, the datedness and circumstances of his previous crimes,

14

and his co-defendant's and others' sentences. *Cf. State v. Spigel,* No. 05-13-00314-CR, 2014 WL 1022530, at *1 (Tex. App.—Dallas 2014, no pet.) ("Appellee relied solely on the written motion [for new trial]; therefore he did not substantiate his claim that the evidence was insufficient to support a guilty verdict."). That Simpson's sentence was within the sentencing range is not dispositive. *See, e.g., Ajisebutu v. State,* 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (noting that only "generally" will a sentence within the statutory range of punishment for an offense be held not cruel or unusual under the Constitution of either Texas or the United States.). Here, Simpson produced evidence that substantiated his claim that his sentence was cruel and unusual.

## Prayer

Accordingly, Simpson respectfully requests this Court to grant this petition so that it may reverse the decision of the court of appeals and remand this case to that court to consider whether Simpson showed prejudice to his substantial rights under the harmless error standards of the Texas Rules of Appellate Procedure. *See Herndon,* 215 S.W.3d at 909.

Respectfully submitted,

_/s/ Bruce Anton_

BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

_/s/ Brett Ordiway_

BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Appellee/Petitioner*

16

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellee's Petition for Discretionary Review was electronically served to the Dallas County District Attorney's Office and the State Prosecuting Attorney on June 11, 2015.


　　　　　　　　　　/s/ Bruce Anton
　　　　　　　　　　BRUCE ANTON




## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this petition contains 1,370 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.


　　　　　　　　　　/s/ Bruce Anton
　　　　　　　　　　BRUCE ANTON

17

# **Appendix**

**Vacate and Reinstate and Opinion Filed April 20, 2015**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00618-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**MARK TWAIN SIMPSON, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-1356596-K**

## MEMORANDUM OPINION

Before Justices Fillmore and Schenck[1] and Chief Justice Thomas, Retired[2]
Opinion by Chief Justice Thomas (Retired)

This State's appeal challenges the trial court's order granting Mark Twain Simpson a new trial on punishment. We conclude the trial court abused its discretion in granting the motion. Accordingly, we vacate the order and reinstate the trial court's judgment.

**BACKGROUND**

---

[1] Justice David Schenck succeeds Justice Michael O'Neill, a member of the original panel. Justice Schenck has reviewed the briefs and record in this case. *See* TEX. R. APP. P. 41.1(a).

[2] The Honorable Linda Thomas, Chief Justice of the Court of Appeals for the Fifth District of Texas—Dallas, Retired, sitting by assignment.

Simpson was charged with stealing a PlayStation and causing bodily injury to the owner, Vidal Gilbert. The robbery was committed with two others, "Zelaya," who pleaded guilty and received a probated sentence, and Joseph Aguilar, who remained at large as of trial.

Simpson waived a jury, pleaded guilty to the court, and also pleaded true to an enhancement paragraph that alleged a 1984 aggravated robbery with a deadly weapon conviction. He testified at the punishment hearing that, although he pleaded guilty, he did not cause bodily injury to Gilbert as alleged in the indictment. Rather, he was "a party to th[e] offense with [Zelaya and Aguilar]." According to Simpson, Zelaya and Aguilar went into Gilbert's home, took the PlayStation, and assaulted Gilbert; he drove the getaway car and pawned the PlayStation. Asked about his criminal history, Simpson admitted he had sixteen prior convictions for aggravated robbery and one conviction for burglary of a vehicle, all committed in "a span of about a month" when he was a teenager. He received a twenty-five year sentence for the robberies and a ten-year sentence for the burglary. He was paroled in 1999, but his parole was revoked and he was imprisoned again until 2005. In 2012, he was arrested for theft of property valued at "like $20" and forgery. He was convicted of theft and served "some county jail time." The forgery charge remained pending.

Simpson's mother testified he lived with her and her husband. She further testified she and her husband are in poor health and dependent on Simpson for help.

Asserting "penitentiary time" was not "merited," Simpson's counsel asked in closing argument that the court "consider deferring probation." The State responded that while this case was "not the most egregious," Simpson's criminal history "sp[oke] for itself," and Simpson should be sentenced to prison. The trial judge, faced with a punishment range of five to ninety-nine years or life because of the enhancement paragraph, assessed a twenty-five year sentence. *See* TEX. PENAL CODE ANN. §§ 12.42(b) (West Supp. 2014) (enhancing second degree felony

punishment to punishment for first degree felony upon showing of prior first, second, or third degree felony conviction); 29.02(b) (West 2011) (robbery is second degree felony). The next day, Simpson filed his motion for new trial, asserting the twenty-five year sentence violated "the proportionality tenant of the Eighth Amendment" to the United States Constitution. Specifically, he argued his participation in the offense was limited to driving the getaway car and "selling the stolen property," acts "indicat[ing] a snap misjudgment or a reaction to a particular situation." He further argued his sentence was disproportionate in light of his co-defendant's probated sentence and the probated or deferred sentences imposed on "many defendants."

At the hearing on Simpson's motion, the trial judge asked whether Zelaya, the co-defendant who received a probated sentence, had any prior convictions and what his role was in the commission of the offense. The parties informed the judge Zelaya did not have a prior criminal record and "was the one who actually went inside the property." After hearing brief argument from the State, the judge heard testimony from Simpson's sister, who was present at the punishment hearing but did not testify, and his mother. These witnesses provided no testimony concerning Simpson's allegation of disproportionate punishment but, as explained by Simpson's counsel, were called because Simpson "has an issue which needs to be addressed involving his drug usage." Simpson's counsel argued in closing that, in light of Simpson's drug usage, the trial judge should consider "a stair step process" beginning with a drug treatment program and ending with "strict supervision" that would include a curfew. Counsel further stated that "we have no problem" with incarceration if deemed appropriate. The State responded that the sole issue before the court was whether the punishment hearing was "done according to the law." The State maintained it was and argued the motion should be denied. Asked by the trial judge what would happen if she granted the motion, the State responded that it "would proceed with a slow plea with a jury." Although believing a jury trial on punishment was

"risky," the trial court granted Simpson's motion, noting that "if punishment were up to [her, she] would be inclined to put him on a long probation and if he messed up . . . send him away for the rest of his life."

## STANDARD OF REVIEW AND APPLICABLE LAW

A trial court may grant a new trial on any of the grounds specified in Texas Rule of Appellate Procedure 21.3 or "in the interest of justice." *See* TEX. R. APP. P. 21.3; *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014). "Justice" means "in accordance with the law" and upon a showing that substantial rights were affected. *See Thomas*, 428 S.W.3d at 105. We review a trial court's order granting a new trial for abuse of discretion. *Id.* at 103. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling, defer to the court's credibility determinations, and presume all reasonable fact findings in support of the ruling have been made. *Id.* at 104. We will conclude the trial judge abused his discretion if he acted "without reference to any guiding rules or principles," that is, if he granted the new trial for a non-legal or legally invalid reason or based on "mere sympathy, an inarticulate hunch, or simply because he believes that the defendant is innocent or 'received a raw deal.'" *Id.* at 103-04 (quoting *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007)). Conversely, we will generally conclude the trial court did not abuse its discretion where the defendant (1) articulated a valid legal claim in his new trial motion; (2) produced evidence or pointed to evidence in the trial record substantiating his legal claim; and (3) showed prejudice to his substantial rights under the standards in Texas Rule of Appellate Procedure 44.2. *Herndon*, 215 S.W.3d at 909. The trial court may exercise its discretion in granting a new trial without a showing of reversible error as a matter of law but only if the defendant has demonstrated his first trial was "seriously flawed and the flaw adversely affected his substantial right to a fair trial." *Id.*

–4–

An allegation of disproportionate punishment is a valid legal claim. *See State v. Stewart*, 282 S.W.3d 729, 738 (Tex. App.—Austin 2009, no pet.). The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense. *See* U.S. CONST. amend. VIII; *Graham v. Florida*, 560 U.S. 48, 59 (2010). It is a narrow principle that "'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are grossly disproportionate to the crime.'"" *Graham*, 560 U.S. at 59-60 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 997, 1000-1001 (1991) (Kennedy, J., concurring in part and concurring in judgment)). In determining whether a sentence is grossly disproportionate to the crime committed, the court must judge the punishment in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *See id.* at 60; *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). In the "rare" case when this comparison leads to an inference of gross disproportionality, the sentence is then judged in light of sentences imposed upon other criminals in the same jurisdiction and sentences imposed for the commission of the same crime in other jurisdictions. *Graham*, 560 U.S. at 60. Generally, punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual offender statute, is not excessive, cruel, or unusual. *See Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

**DISCUSSION**

In two issues, the State asserts the court erred in granting Simpson's motion because the sentence was not grossly disproportionate to the offense committed and the punishment trial was conducted in accordance with the law.[3] We agree.

---

[3] In his response brief, Simpson "agrees that aside from his disproportionate sentence, the brief proceedings (the hearings on his guilty plea and sentencing) were otherwise conducted in accordance with the law."

Because Simpson's claim of disproportionate punishment is a valid legal claim, we turn to whether the evidence substantiated his claim. *See Herndon*, 215 S.W.3d at 909; *Stewart*, 282 S.W.3d at 738. Viewed in the light most favorable to the trial court's ruling, the record reflects Simpson was one of three individuals who participated in a robbery. Although the victim was injured, he was injured by one of Simpson's co-defendants, not Simpson. The record further reflects Simpson had seventeen prior felony convictions for offenses committed thirty years earlier, a conviction for theft of property valued at "like $20," and a pending forgery charge. Measuring this evidence against Simpson's twenty-five year sentence, we cannot conclude this is one of the "rare" cases where gross disproportionality is inferred. *See Graham*, 560 U.S. at 60. While Simpson might not have injured the victim, he pawned the PlayStation knowing it was stolen and drove the getaway car. Additionally, while the seventeen prior felony convictions are "dated," sixteen of those convictions are for aggravated robbery—a crime of violence as a matter of law—and all were committed within a span "of about a month." *See Jernigan v. State*, 672 S.W.2d 280, 281 (Tex. App.-–Dallas 1984, no pet.) ("Violence is an inherent element of aggravated robbery."); *see also* TEX. PENAL CODE ANN. § 29.03 (West 2011). The theft and forgery offenses, though non-violent crimes, were committed within the same year and shortly before Simpson was arrested in this case. In light of Simpson's role in the robbery and his significant prior adjudicated and unadjudicated offenses, his twenty-five year sentence is not grossly disproportionate to the crime. *See Ewing v. California*, 538 U.S. 11, 30 (2003) (concluding twenty-five years to life sentence for felony grand theft under California's three strikes law not grossly disproportionate). Although Simpson did not need to show reversible error as a matter of law, nothing reflects the first punishment trial was "seriously flawed." In fact, under the habitual offender punishment statute, Simpson's sentence fell well within the statutory range of five to ninety-nine years or life. *See* TEX. PENAL CODE ANN. §§ 12.32(a)

(West 2011), 12.42(b).   On the record before us, we conclude the evidence from the new trial hearing does not substantiate Simpson's claim.  Accordingly, we need not judge his sentence in light of sentences imposed on others.  *See Graham*, 560 U.S. at 60.

Because the evidence does not substantiate Simpson's claim, the trial court abused its discretion in granting Simpson's motion.  We sustain the State's issues, vacate the trial court's order granting a new trial, and reinstate the judgment.

Do Not Publish
TEX. R. APP. P. 47

140618F.U05

/Linda Thomas/

LINDA THOMAS
CHIEF JUSTICE, RETIRED, ASSIGNED



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-14-00618-CR      V.

MARK TWAIN SIMPSON, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F-1356596-K.
Opinion delivered by Chief Justice Thomas,
Ret.; Justices Fillmore and Schenck
participating.

Based on the Court's opinion of this date, we **VACATE** the trial court's order granting a new trial and **REINSTATE** the judgment.

Judgment entered April 20, 2015.