PD-0599-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/9/2015 2:19:37 PM
Accepted 11/9/2015 2:25:14 PM
ABEL ACOSTA
CLERK

**PD-0599-15**

## IN THE TEXAS COURT OF CRIMINAL APPEALS

---

# THE STATE OF TEXAS
### *RESPONDENT-APPELLANT*

## vs.

# MARK TWAIN SIMPSON
### *PETITIONER-APPELLEE*

---

### ON DISCRETIONARY REVIEW FROM
### THE FIFTH COURT OF APPEALS
### CAUSE NO. 05-14-00618-CR

### APPEAL FROM CRIMINAL DISTRICT COURT NO. 4
### OF DALLAS COUNTY, CAUSE NO. F13-56596-K

---

# PETITIONER'S BRIEF ON THE MERITS

---

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Petitioner/Appellee*

## Identity of Parties and Counsel

For Respondent-Appellant the State of Texas:

GEORGE LEWIS
*Guilty plea and motion for new trial counsel of record*
DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
133 North Riverfront Boulevard
Dallas, Texas 75207

LORI L. ORDIWAY
*Appellate counsel of record*
DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE

For Petitioner-Appellee Mark Twain Simpson:

BRUCE ANTON
*Guilty plea and motion for new trial counsel of record*
SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201

BRUCE ANTON
BRETT ORDIWAY
*Appellate counsel of record*
SORRELS, UDASHEN & ANTON

Trial court:

THE HONORABLE DOMINIQUE COLLINS
CRIMINAL DISTRICT COURT NUMBER 4

# Table of Contents

Identity of Parties and Counsel ................................................................. 2

Index of Authorities ................................................................................ 4

Statement of the Case and Procedural History ........................................ 5

Issue Presented. ...................................................................................... 7

Statement of Facts .................................................................................. 8

Summary of the Argument ..................................................................... 10

Argument ................................................................................................ 11

    Simpson produced evidence or pointed to evidence in the trial record
    that substantiated his legal claim in his motion for new trial .......... 11
      I.   The court of appeals's holding was based on its substitute
           analysis of whether Simpson proved his claim ....................... 11
      II.  The court undertook the wrong analysis because it read
          "substantiate" to mean "prove," rather than "support" .......... 13
      III. At the very least, Simpson produced some evidence to support
          his claim ................................................................................. 15

Prayer ..................................................................................................... 17

Certificate of Service .............................................................................. 18

Certificate of Compliance ....................................................................... 18

# Index of Authorities

**Cases**

*Brown v. State*, 870 S.W.2d 53 (Tex. Crim. App. 1994) ..............................15

*Howell v. State*, 175 S.W.3d 786 (Tex. Crim. App. 2005) ..........................15

*Sims v. State,* 84 S.W.3d 768 (Tex. App.—Dallas 2002, pet. ref'd) ......................................................................................................17

*State v. Herndon*, 214 S.W.3d 901 (Tex. Crim. App. 2007)......................................................... 9, 10, 11, 12, 14, 16

*State v. Simpson,* No. 05-14-00618-CR, 2015 WL 1811862 (Tex. App.—Dallas Apr. 20, 2015)........................................... 6, 13, 14

*State v. Spigel,* No. 05-13-00314-CR, 2014 WL 1022530 (Tex. App.— Dallas 2014, no pet.)...................................................................16

*State v. Stewart*, 282 S.W.3d 729 (Tex. App.—Austin 2009, no pet.)............................................................................................13

*State v. Thomas*, 428 S.W.3d 99 (Tex. Crim. App. 2014)..........................13

*State v. Varkonyi*, No. 08-06-00262-CR, 2008 WL 821580 (Tex. App.—El Paso 2008, pet. dism'd) ...............................................16

*State v. Zalman*, 400 S.W.3d 590 (Tex. Crim. App. 2013).........................15

**Statutes**

TEX. PEN. CODE § 12.32...............................................................................14

TEX. PEN. CODE § 12.42...............................................................................14

TEX. PEN. CODE § 29.02.................................................................................5

TEX. PEN. CODE § 29.03.................................................................................5

**Other Authorities**

*Merriam–Webster Online Dictionary.* ..........................................................16

## Statement of the Case and Procedural History

A Dallas County grand jury indicted Simpson on June 26, 2013, for robbery, enhanced to a first-degree felony by a previous conviction for aggravated robbery. *See* TEX. PEN. CODE §§ 29.02 & 29.03; (CR: 18). He entered an open plea of guilty to the district court on March 13, 2014, which then on April 3, 2014, sentenced him to 25 years' imprisonment. (RR2: 5; RR3: 20); (CR: 56-60).

Simpson filed a motion for new trial alleging that his sentence "constitute[d] a violation of the [Eighth Amendment] prohibition against cruel and unusual punishment." (CR: 64). After conducting a hearing on the matter, the court granted Simpson a new punishment trial. (RR4: 26). The State then timely filed notice of appeal. (CR: 72-73).

Before the Fifth Court of Appeals, the State complained that the district court abused its discretion in granting Simpson's motion for new trial. (St. Br. at 15). Simpson responded that the State's analysis employed the wrong standard of review, and that, under the correct standard, the district court properly exercised its discretion. The court of appeals agreed the State used the wrong standard, but nonetheless concluded the trial court abused its discretion in granting Simpson's motion

for new trial. *State v. Simpson*, No. 05-14-00618-CR, 2015 WL 1811862 (Tex. App.—Dallas Apr. 20, 2015). Accordingly, the court vacated the order and reinstated the trial court's judgment. *Id.* No motion for rehearing was filed.

Simpson filed a petition for discretionary review in this Court on June 11, 2015. This Court granted the petition on September 23, 2015. This brief now follows.

## Issue Presented

Whether Simpson produced evidence or pointed to evidence in the trial record that substantiated his legal claim in his motion for new trial.

## Statement of Facts

Simpson was sentenced to 25 years' imprisonment for pawning a PlayStation video game system that two other men stole in the course of a robbery. (RR3: 10-14, 18-19). At his sentencing hearing, the State had introduced evidence that, 30 years prior, when Simpson was a teenager, he had been involved in a one-month rash of 16 robberies. (RR3: 7-8). And after being released from prison in 1999, he had committed various minor offenses: failing to report his work address to his probation officer; cashing a check forged by a coworker; and stealing $20 worth of screws from a hardware store. (RR3: 32-33).

In light of the minor magnitude of both the crime at issue here and Simpson's recent criminal history, as well as the remoteness of his otherwise 30-year-old criminal history, Simpson filed a motion for new trial alleging that his sentence "constitute[d] a violation of the [Eighth Amendment] prohibition against cruel and unusual punishment." (CR: 64). Specifically, Simpson argued his sentence was "so far outside the societal norms which govern the assessment of punishment" because it "violate[d] the proportionality tenant [sic] of the Eighth Amendment" and

because it was "disproportionate when viewed in light of the types of sentences on [sic] the co-defendant," and for the typical robbery defendant. (CR: 64-66).

The district court conducted a hearing on the motion on May 1, 2014, at which it inquired as to Simpson's co-defendant's sentence and then heard testimony from Simpson's mother and sister covering his criminal history. (RR4: 4, 7-22). Simpson argued that a more appropriate sentence would be treatment for his drug addiction and strict supervision in the home. (RR4: 23-24). The State, pointing to this Court's opinion in *State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007), argued that the court did not have the authority to grant Simpson's motion unless the original proceeding was not in accordance with the law, and that here, the only asserted basis—that Simpson's punishment was cruel and unusual—was unsupported. (RR4: 5-7). The court ultimately granted Simpson a new punishment trial, remarking that it felt a "long probation" to be the more proportionate sentence, and the State then timely filed notice of appeal. (RR4: 26); (CR: 72-73).

## Summary of the Argument

A district court generally does not abuse its discretion in granting a motion for new trial if the defendant, among other things, produced evidence or pointed to evidence in the trial record that substantiated his legal claim. *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007). Here, Simpson provided evidence in support of his claim. The court of appeals found that Simpson had not substantiated his claim, however, because, evaluating the evidence itself, the court of appeals found Simpson had not proven his legal claim.

The court of appeals's conclusion was wrong because it employed the wrong analysis. The requirement that a defendant "substantiate" his legal claim does not demand that a defendant prove it—just support it. Because, here, Simpson did just that, and further, showed prejudice to his substantial rights, the court of appeals's holding must be reversed.

10

## Argument

> Simpson produced evidence or pointed to evidence in the trial record that substantiated his legal claim in his motion for new trial

◆  ◆  ◆

**I.  The court of appeals's holding was based on its substitute analysis of whether Simpson proved his claim**

On appeal to the Fifth Court of Appeals, the State argued the district court abused its discretion in granting Simpson's motion for new trial on the basis that his punishment was cruel and unusual. (St. Br. at 15-16). In response, Simpson pointed the court to this Court's opinion in *State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007), in which this Court held that a district court generally does not abuse its discretion in granting a motion for new trial if the defendant simply: (1) articulates a valid legal claim in his motion for new trial; (2) produces evidence or points to evidence in the trial record that substantiated his legal claim; and (3) shows prejudice to his substantial rights under the harmless error standards of the Texas Rules of Appellate Procedure. (Ap. Br. at 13-14) (citing *Herndon*, 215 S.W.3d at 909). And in Simpson's case, as the State did not refute, he articulated a valid legal claim: his sentence was cruelly

11

and unusually disproportionate. (Ap. Br. at 17). Further, Simpson produced and pointed to evidence in support of his claim, and in light of the district court's statement upon hearing that evidence that it felt probation was the appropriate sentence, Simpson's 25-year sentence undeniably affected his substantial rights. (Ap. Br. at 17-18).

The court of appeals agreed Simpson articulated a valid legal claim in arguing that his sentence was cruelly and unusually disproportionate. *State v. Simpson*, No. 05-14-00618-CR, 2015 WL 1811862, *2 (Tex. App.—Dallas 2015) (citing *State v. Stewart*, 282 S.W.3d 729, 735-36 (Tex. App.—Austin 2009, no pet.) ("Stewart's amended motion for new trial as to punishment alleged that the sentence imposed in this cause was disproportionate in comparison to other similarly situated defendants. The State does not deny that this was a valid legal claim on which to base a motion for new trial in the interest of justice")). As such, the trial court had "wide discretion in ruling on [the] motion." *Herndon*, 215 S.W.3d at 908. Indeed, generally, if there is a "valid legal claim" in a motion for new trial, a court will not abuse its discretion by granting it. *State v. Thomas*, 428 S.W.3d 99, 105 (Tex. Crim. App. 2014). But the court of appeals nonetheless refused to respect the trial court's discretion because, as to

whether Simpson substantiated his claim, the court concluded the facts did not present an appropriate case for the trial court's action:

> Measuring this evidence against Simpson's twenty-five year sentence, we cannot conclude this is one of the "rare" cases where gross disproportionality is inferred. *See Graham*, 560 U.S. at 60. While Simpson might not have injured the victim, he pawned the PlayStation knowing it was stolen and drove the getaway car. Additionally, while the seventeen prior felony convictions are "dated," sixteen of those convictions are for aggravated robbery—a crime of violence as a matter of law—and all were committed within a span "of about a month." *See Jernigan v. State*, 672 S.W.2d 280, 281 (Tex. App.–Dallas 1984, no pet.) ("Violence is an inherent element of aggravated robbery."); *see also* TEX. PEN. CODE ANN. § 29.03 (West 2011). The theft and forgery offenses, though non-violent crimes, were committed within the same year and shortly before Simpson was arrested in this case. In light of Simpson's role in the robbery and his significant prior adjudicated and unadjudicated offenses, his twenty-five year sentence is not grossly disproportionate to the crime.

*Simpson*, 2015 WL 1811862 at *3. In light of this, the court determined Simpson had not substantiated his claim. *Id.* (citing TEX. PEN. CODE §§ 12.32(a), 12.42(b)). Accordingly, the court held the trial court abused its discretion in granting Simpson's motion for new trial without addressing whether Simpson showed prejudice to his substantial rights. *Id.*

## II. The court undertook the wrong analysis because it read "substantiate" to mean "prove," rather than "support"

13

This was plainly the incorrect analysis for whether Simpson substantiated his claim. The "test for abuse of discretion 'is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action.'" *Herndon*, 215 S.W.3d at 907-08 (quoting *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005) (quoting *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994))). But the court of appeals ran afoul of this basic, boilerplate, bedrock principle of law for a simple reason: it read *Herndon*'s "substantiate" requirement to mean "prove," rather than "support."

That is not what this Court meant in *Herndon*. This is evinced by, if nothing else, exactly what occurred in this case—reading "substantiate" to mean "prove" demands reviewing courts substitute their judgments for the district courts'. But, moreover, *Herndon*'s plain language—which the court of appeals ostensibly considered, but obviously ignored—states "[t]he defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for new trial." *Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007). And more recently, in *State v. Zalman*, 400 S.W.3d 590 (Tex. Crim. App. 2013), this Court evaluated whether Zalman substantiated his valid legal

claim by considered whether he provided evidence that "support[ed]" his claims. *Id.* at 595. Similarly, in *State v. Varkonyi,* the El Paso Court of Appeals considered whether the defendant's evidence was "capable of *supporting* a new trial." No. 08-06-00262-CR, 2008 WL 821580, *4 (Tex. App.—El Paso 2008, pet. dism'd) (emphasis added). This is also in line with the primary dictionary definition of "substantiate": "to give substance or form to." *Merriam–Webster Online Dictionary*, http://www.merriam-webster.com/dictionary/substantiate (last visited November 5, 2015).

## III. At the very least, Simpson produced some evidence to support his claim

As to the correct inquiry, Simpson most definitely presented evidence supporting his legal claim that his 30-year-old crimes, committed as a teenager, and for which he already served a lengthy sentence, were far too remote to support such a harsh sentence here. At the hearing on Simpson's motion for new trial, he introduced evidence of his drug addiction in support of his argument that it warranted treatment, not incarceration. Simpson further produced and pointed to evidence of his minimal role in the instant offense, the datedness and circumstances of his previous crimes, and his co-defendant's and others' sentences. (RR4: 4, 7-

22). This was sufficient substantiation. *Cf. State v. Spigel,* No. 05-13-00314-CR, 2014 WL 1022530, at \*1 (Tex. App.—Dallas 2014, no pet.) ("Appellee relied solely on the written motion [for new trial]; therefore he did not substantiate his claim that the evidence was insufficient to support a guilty verdict.").

Accordingly, if nothing else, Simpson respectfully requests this Court to reverse the decision of the court of appeals and remand this case to that court to consider the final *Herndon* requirement: whether Simpson showed prejudice to his substantial rights under the harmless error standards of the Texas Rules of Appellate Procedure. *See Herndon*, 215 S.W.3d at 909. But because, in light of the district court's statement that, upon hearing that evidence, it felt probation was the appropriate sentence, Simpson's 25-year sentence of course affected his substantial rights, in the interests of judicial economy he respectfully requests this Court to simply reverse the judgment of the court of appeals and remand this case to the trial court for a new punishment trial. *See, e.g., Sims v. State*, 84 S.W.3d 768, 781 (Tex. App.—Dallas 2002, pet. ref'd) (error subjecting defendant to harsher punishment range affected substantial rights).

## Prayer

Simpson respectfully requests this Court to reverse the judgment of the court of appeals and remand this case to the trial court for a new punishment trial.

Respectfully submitted,


/s/ Bruce Anton

BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com


/s/ Brett Ordiway

BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Petitioner-Appellee*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Petitioner's Brief on the Merits was electronically served to the Dallas County District Attorney's Office and the State Prosecuting Attorney on November 9, 2015.

/s/ Bruce Anton
BRUCE ANTON

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because this petition contains 1,830 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.

/s/ Bruce Anton
BRUCE ANTON